BUTLER and others vs. MITCHELL, impleaded, &c.

In matters of practice where notice is required, it must generally be in writing.

But a party who seeks to be relieved from a judgment on the ground of mistake, inadvertence, surprise or excusable neglect, must make his application within one year after knowledge of the rendition of such judgment; and the notice thereof need not be in writing.

A party, within one month after the rendition of a judgment against him on failure to answer, applied to open it and for leave to defend, on an affidavit and answer showing that he had a good defense, and that he supposed that the action was brought to recover a claim against him as trustee and that it was not intended to charge him personally; but made no formal affidavit of merits. The court below denied the application, and, on his appeal to this court, the order was affirmed, but without prejudice to his right to renew the motion on a proper affidavit of merits. Such motion was not renewed until about eighteen months after the rendition of the judgment, owing to the fact that the case had been

most of the time pending in this court; and it was not renewed at the first term of the court below after the cause was remitted, but was brought on at the succeeding term held about a month afterwards. *Held,* 1, That sec. 38, chap. 125, R. S., was no bar to obtaining the relief sought, and that the renewal of the motion was in the nature of an amendment or continuance of the former one. 2. It was competent for this court, in affirming the order denying the original application, to grant leave to renew it on proper papers. 3. Under the circumstances of this case, the defendant had not been guilty of such delay in making the original application, or in renewing it, as to deprive him of relief.

In determining whether a party has been guilty of *laches,* a proper regard should be had to the just claims of other business, the terms of court, and other material facts.

An affidavit of merits which declares that the defendant "has fully and fairly stated the case to his counsel, and that he has a good and substantial defense on the merits to the whole of the plaintiff's demand, as he is advised by his said counsel, and verily believes to be true," is sufficient.

APPEAL from the County Court of *Milwaukee* County.

This case was before this court on a former occasion, and is reported in 15 Wis., 355. It was remitted to the county court September 9th, 1862. On the 19th of November, 1862, the attorney for the defendant *Mitchell* served on the plaintiffs' attorneys notice of a motion to open the judgment and for leave to put in a proposed answer duly verified, a copy of which was served with said notice, together with an affidavit of merits, and also an affidavit of the defendant *Mitchell.* The former affidavit declares that the defendant has "fully and fairly stated the case in this cause to Thos. L. Ogden, his counsel, and that he has a good and substantial defense on the merits to the whole of the plaintiff's demand on which this action is brought, as he is advised by his said counsel and verily believes to be true." The latter affidavit states in substance the same matters as the one upon which *Mitchell's* first application was made to open the judgment and for leave to answer; and also states that the first application had been denied, and that, on appeal, the supreme court granted him leave to renew it. The proposed answer of *Mitchell* was verified, and denied that he himself, or jointly with the co-defendants, ever retained or employed the plaintiffs in and about the matters

mentioned in their complaint; or that the plaintiffs ever performed either for him, or jointly for him and his co-defendants, the services mentioned in the complaint, or that they expended the several sums of money mentioned therein, at his request, or at the joint request of him and his co-defendants, or for his or their benefit. It appeared that after the case had been remitted from the supreme court, the defendant *Mitchell* suffered the November term of the county court to pass without renewing the motion to open the judgment, under the permission granted by the supreme court for that purpose. At the hearing an affidavit of one of the plaintiffs, *J. P. C. Cottrill*, was read on their behalf, stating that after the rendition of the judgment, in a conversation had with *Mitchell's* attorney, said attorney informed him that *Mitchell* had authority from his co-trustees to settle the plaintiff's claim, and that he then had in his hands upwards of $300 which he could apply to that purpose, and would probably have in his hands by the succeeding January a sufficient sum to pay the balance of the claim; that the said *Mitchell* would then pay over the money in his hands, and would pay the balance of the claim as soon as he should receive sufficient money, if the plaintiffs would discharge the judgment; which proposition the plaintiffs declined to accept; that soon afterwards he was informed by *Mitchell's* attorney that *Mitchell* had resigned his office as trustee, and that he had received indemnity against the claim and judgment of the plaintiffs in this action. The attorney for *Mitchell*, at the hearing, offered to read his own affidavit, which was to the effect that he had no recollection of stating to *Cottrill*, or to any one else, that *Mitchell* had received an indemnity against the claim of the plaintiffs, and that he did not know and had never heard that *Mitchell* had received any indemnity; that he remembered some conversation about the resignation of *Mitchell* as trustee, and he might have said that *Mitchell* would secure himself. The reading of this affidavit was objected to by the plaintiffs, and the court excluded it.

The court overruled the motion, and from this decision *Mitchell* appealed.

*Brown & Ogden*, for appellant:

1. The appellant, having filed a proper affidavit of merits, under the decision in this case, 15 Wis., 355, was entitled to the relief applied for. 2. The application was not technically a new one, but a renewal of the old one, and, in strictness, the plaintiffs were not entitled to notice of the renewal of the motion or the filing of the new papers. They had once been heard on the substance of their claim, and it had been decided against them. *Hill vs. Hoover*, 9 Wis., 15 ; *Pierce vs. Kneeland*, id., 24. 3. The lapse of one year from the time of the entry of judgment before renewing this motion, was no bar to the application. The delay occurred in consequence of the wrongful persistence of the plaintiffs in opposing the granting of the application 4. The statute barring the right of a party to move to set aside a judgment entered against him, does not commence to run until he has formal written notice of the entry of the judgment. R. S., ch. 125, secs. 35–38 ; *Staring vs. Jones*, 13 How. Pr. R., 423 ; *Rankin vs. Pine*, 4 Abb., 309 ; *Fry vs. Bennett*, 16 How. Pr. R., 402 ; *Bowman vs. Earl*, 3 Duer, 691.

*Butler, Buttrick & Cottrill*, pro se, and *E. G. Ryan* of counsel:

1. The answer does set up that the services were rendered for the defendants in their official capacity, as trustees, and under it the defendant could not admit the retainer and defend himself upon the official character in which he made it. There is no general issue under the code, and the answer must clearly declare the nature of the defense relied on. The answer concludes the defendant as to the nature of his defense. 3 Wis., 782. 2. At common law the appellant's motion could not be entertained (3 Gra. & Wat. on New Trials, 1480, 1485 ; 3 Wheat., 591 ; 10 Peters, 480 ; 6 How., 31 ; 14 Serg., & Rawle, 310 ; 2 Watts, 373 ; 9 Johns., 78 ; 1 Tidd's Pr., 515, 567 ; 2 id., 941–2) ; and under the code (R. S., ch. 125, sec. 38) it was necessary that the motion should have been made within

one year from the time of the rendition of the judgment. The motion was not made within one year from the time the judgment was rendered, and it therefore comes too late. (1.) The affidavits do not show when the appellant first received notice of the judgment, and the act being an enabling one, by which upon a proper showing a favor might be granted him in the discretion of the court, he was bound to show affirmatively and clearly that his case was within the statute. 2 Whit. Prac., 82; 7 How. Pr. R., 35; 1 Duer, 679. (2.) Notice of the judgment need not have been written. Notice, in the law, means knowledge, actual and positive or implied and constructive. 1 Story's Eq., sec. 399; Sugden on Vendors, ch. 17, sec. 182; *Jones v. Smith*, 1 Hare, 53; 4 Paige, 274; 14 Wend., 544. (3.) But if formal written notice was necessary, the appellant had it by the letter of *Cottrill*, and the call made on him by the sheriff with an execution issued on the judgment, more than one year before the motion was made. 3. The modification by this court of the order on the first motion, so as to deny it "without prejudice" to a new one, is no license to disregard the limitation of the statute. These words are borrowed from chancery, and have a settled meaning. 2 Dan. Ch. Pr., 1200; Story's Eq. Pl., sec 793; 3 Chitty's Gen. Pr., 573; 11 Wis., 434. The court had no power to enlarge the time, and the provision requiring the motion to be made in one year is analogous to that limiting the time for taking an appeal, and it has uniformly been held that the courts cannot enlarge the time for appealing. 1 Paige, 391, 423; 2 id., 413; 7 id., 245; 9 id., 372; 10 id., 369, 615; 11 id., 529; 5 Wend., 136; 1 Kern., 275; 2 Sandf., 641; 5 How. Pr. R., 114, 361; 7 id., 108, 296; 3 Conn., 258; 7 Abb., 352; 5 Wis., 538. The loss of time and delay in the former motion was the fault of the appellant, and not of the law. He did not make his motion properly; but it is not material to what the delay is attributable. No disability arrests a statute of limitations unless it is excepted from the operation of the statute itself. Bacon's Abr.,

"Limitation of actions," E, 6; Chitty on Con., 701, 704; 2 Salk., 420; 6 East, 80; 2 Wheat., 25; 8 Cranch, 72; 9 How., 522; 11 S. & R., 10; 18 Johns., 40, 227; 16 Wend., 572; 1 Denio, 159, 414, 557; 4 Coms., 518; 2 Hall, 199; 1 Hall, 300; 4 Bradford, 164; 5 Barb., 393; 27 id., 294; 3 Abb., 294; 4 id., 125. And when the statute begins to run, no subsequent disability will arrest it. 1 How., 37; 1 Johns., 165; 18 id., 40; 1 Schoales & Lef., 201; 1 Johns. Ch., 9; 9 How. Pr. R., 35; 1 Duer, 679; 3 Gra. & Wat. on New Trials, 1462. Here the statute commenced to run before the former motion. 4. The doctrine of *laches* applies to such a motion as this, as well as to any motion for favor. 9 How. Pr. R., 36. Courts do not relieve unless the negligence be excusable, and the application made without delay. 2 Whitt. Prac., 80 *et passim*; *Bradford v. Greenwich Ins. Co.*, 8 Abb., 261; *Van Alstrand v. House*, 3 Abb., 226; Kerr's Action at Law, 38; *Hays v. Berryman*, 6 Bosw., 679; *Whiting v. Kimball*, 6 id., 690; *De Wandelaer v. Hager*, 1 How. Pr. R., 61. Counsel contended that the case showed such negligence as to deprive the appellant of the relief demanded, and the question of granting the application being a matter of discretion with the court below, and that court having exercised its discretion in the matter, its order could not be reversed, as the case did not show an abuse of that discretion, citing 3 Wis., 401; 10 id., 391; 14 id., 687. 5. The affidavit of merits is evasive and defective in not showing that the advice of counsel as to defense was made *after* or *upon* a full and fair statement of the case. 11 Wis., 146, 258; 19 Wend., 617; 22 id., 636; 1 Hill, 644; 2 id., 359; 4 id., 534; 3 Caines, 97; 5 Johns., 355, 360; 1 Dowl. & Ry., 155; 7 Dowl. Pr., 412; 1 Crompt. & Jer., 288.

*By the Court*, PAINE, J. This suit has once been before this court. 15 Wis., 355. And we then held that the trustees of the Fox & Wisconsin River Improvement Company were not personally liable for services rendered for the company under

their employment.   We were obliged, however, to affirm the order refusing to set aside the judgment and allow the appellant to come in and defend, for the reason that no affidavit of merits had been filed.   But we modified the order so as to allow the motion to be renewed.   It was afterwards renewed with an affidavit of merits, and the court below still refused to open the judgment and allow the appellant to file his answer, and he has again appealed.

The first question to be disposed of is, whether the statute which provides that the court may at any time, within one year after notice, relieve a party from a judgment which has been taken against him through his mistake, inadvertence, surprise, or excusable neglect, presents an insuperable obstacle to furnishing this relief after the expiration of the year, upon the facts which this case presents.

We agree with the counsel for the respondent that a written notice is not necessary, but that if the party allows the year to expire after knowledge of such judgment without applying for relief, it is then too late.   It is true that in matters of practice where notice is required, it must generally be a written notice.   But the very nature of the provision in section 38, chapter 125, R. S., shows conclusively that no written notice was intended there, but the party was required to act upon any reasonable knowledge of the fact, in order to entitle himself to the relief.

But here the appellant moved within a month after the judgment was entered, upon an affidavit showing that until a short time before the motion he had supposed that the suit was brought against the trustees in their official capacity only, and without any design to charge them personally.   We considered this a very natural misapprehension, and one which fully entitled the appellant to the relief authorized by the statute, either on the ground of mistake or excusable neglect, provided he had a good defense.   The motion was decided against him, and he appealed to this court.   The judgment

had been entered on the 3d day of June, 1861. The appellant made his motion on the second day of the next mouth. The decision of this court was made in May, 1862, but a motion for a re-hearing was made by the respondents, which was not finally disposed of until September, 1862. Upon these facts we think the statute does not furnish a bar to the relief after the year. The statute does not mean that the relief must actually be furnished within the year. Otherwise the opposite party might, by appealing and contesting the matter to the utmost, use up the year and thus defeat the remedy. And where the motion is made as promptly as it was here, and prosecuted with reasonable diligence, and a final decision of this court is not obtained until after the expiration of the year, and that decision is to deny the motion for a mere defect in practice, but with liberty to renew it, we think it is entirely competent for the court to grant such liberty. And the fact that it is nominally called a new motion does not prevent it from being substantially a continuation of the same application. It is in the nature of an amendment of the papers on which the motion was founded. And we think it would not only defeat the ends of justice, but would be doing violence to the spirit and intent of the statute itself, to say, because the litigation had been prolonged beyond the year, when it appeared that to supply a formal defect it was necessary to amend the application and present it again, that these facts deprived the court of all power to give the relief. We do not regard this statute as so imperative in its character as the statute of limitations. And if it were, the renewal of a motion on leave, to supply a formal defect in the papers, should be considered rather as an amendment to the original motion.

But it is claimed that this motion should have been denied on account of the appellant's *laches* in making it. The same position was taken on the former appeal. But it seemed to us to have so little foundation that we said nothing about it in the opinion. For that reason the point has been strenuously urged

again.    And the respondent's counsel criticised the appellant's original affidavit as evasive in not stating the exact time when he received notice of the judgment, and in implying that it was only on the 1st of July, when the sheriff called on him with the execution, that he first learned that it was sought to hold him personally liable.    This criticism was based upon *Cottrill's* affidavit to the effect that he had, on the 3d of June, the day when the judgment was rendered, deposited in the post office a notice addressed to the appellant, informing him of it.    But *Cottrill's* affidavit shows that the appellant was not then at home, and *Buttrick's* shows that he was then in the city of New York.    But even if he had been at home, and had received *Cottrill's* notice, there is nothing in that notice that was any more calculated to inform him of his mistake and show that it was designed to hold him personally liable, than there was in the summons and complaint.    A lawyer might have understood it from either.    But one not a lawyer, acting in an official capacity as trustee, and knowing that a suit had been brought against him and his co-trustees for services rendered at their request, might very naturally suppose that he was not to be held personally liable.    And having once fallen into that mistake, there was nothing in *Cottrill's* notice which was calculated to correct it.    It merely informed him that judgment had been rendered and called his attention to it that he might arrange it.    He might still continue very naturally in his mistake that it was only a proceeding against him in his official capacity.    We see no reason to doubt, as his affidavit implies, that it was on the first of July, when the sheriff came with an execution, that he first became aware that he was claimed to be personally liable.    But even if he had known it as soon as he returned from New York, the exact time of which does not appear, there is no ground for saying that where the motion is made within a month after the judgment was entered, there is any such *laches* as to bar the relief.    We do not understand that the law requires a party to move on the first

notice of such judgment, as though it were a matter of life or death; but that, due regard being had to the just claims of other business, to the terms of the court, and any other material facts, he must not be guilty of unreasonable delay.

Nor do we think the delay in renewing the application, after the cause was remitted from this court, ought to bar the relief. It was remitted in September, 1862. There was a term of the county court in November, at which it was not noticed, but it was noticed in November for the December term. It must be admitted that this was not renewing it at the earliest possible moment, yet it cannot be regarded as such unreasonable delay as ought to defeat the right. The appellant's counsel had a right to regard the merits of the litigation as substantially disposed of by the decision of this court, which had been already made, and to assume that his right to the relief asked would not be further contested. This being so, the mere delay at the November term, when there was to be another term in December, was not sufficient to prevent his obtaining what this court had already decided he was entitled to.

We regard the affidavit of merits as sufficient.

The order is reversed, with costs, and the cause remanded with directions to the county court to grant the relief asked by the motion.