LANGLADE REALTY COMPANY, Respondent, vs. MAGEE and others, Appellants.

*February 25—March 17, 1914.*

*Judgments: Vacation: Real party in interest: Notice of entry: Laches in seeking relief: Equity: Quieting title to land: Notice of* lis pendens.

1. The real party in interest, though not a party of record, may, under sec. 2832, Stats., have a judgment vacated upon a proper showing within one year after its entry.
2. Actual notice of the entry of judgment in such a case was sufficient to require the exercise of reasonable diligence in seeking relief therefrom.
3. In an action to establish and quiet title to land, notice of *lis pendens* was duly filed. Defendant disclaimed title and alleged a conveyance (unrecorded) by it to other persons before the action was begun. Such other persons were not made parties. Judgment was rendered upon the pleadings, establishing plaintiff's title and barring the defendant and all persons claiming under it; and on the following day the aforesaid con-

veyance by defendant was recorded. The grantees in that conveyance knew of the judgment on the day it was rendered, but took no steps to be relieved therefrom until nearly four years later, when a second suit to quiet the title was brought against them by a grantee of the plaintiff in the former action. *Held*, that they were guilty of laches and hence were not entitled to any equitable relief against said judgment. [To what relief they might have been entitled on the facts, had there been no laches, is not determined.]

APPEAL from a judgment of the circuit court for Marathon county: A. H. REID, Circuit Judge. *Affirmed.*

This is an action to quiet title to six forties of land in Langlade county. The following, taken from the trial judge's·opinion, states the material facts of the case:

"Plaintiff claims title under tax deed to W. H. Lord dated and recorded May 31, 1890, and based upon the tax sale of 1887. By sundry mesne conveyances this tax title became vested in E. A. Bassett November 26, 1906. The original title had become vested in the Bray & Choate Land Company. In May, 1891, that company in addition thereto had obtained from S. E. Leslie a quitclaim deed of two tax titles on the northeast of the northeast 2—34—12, both dated and recorded July 15, 1893, and being based respectively on the tax sales of 1889 and 1890. That company had also obtained directly to itself a tax deed of all lands here involved, dated and recorded November 4, 1895, and based upon the tax sale of 1891. Bray & Choate Land Company conveyed to Iola Land Company all of the lands by warranty deed dated and recorded in 1902.

"In this state of the record, on December 26, 1906, Bassett brought an action in the circuit court of the county in which the land was located against Iola Land Company to establish and quiet plaintiff's title to the land and duly filed a notice of *lis pendens* in that action on December 24, 1906.

"Prior to the commencement of that action defendants in the action at bar had *bona fide* purchased the lands here involved and held an unrecorded warranty deed thereof from the Iola Land Company dated May 31, 1906, but delivered at some later date prior to December 1, 1906. There is no evidence that Bassett or the *Langlade Realty Company*, for

which Bassett really held title in trust, had any knowledge of the unrecorded deed of the defendants. until February 11, 1907, when the Iola Land Company served an answer in the Bassett case disclaiming title in itself and setting up such unrecorded conveyance.

"Bassett moved for judgment upon the pleadings, and judgment was rendered March 5, 1907, establishing Bassett's title and barring the Iola Land Company and all persons claiming under it. This judgment was filed in the clerk of the court's office March 7, 1907, and a certified copy recorded in the register's office March 9, 1907.

"The deed of the Iola Land Company to the defendants herein was recorded March 6, 1907. Thereafter, before the commencement of this action, Bassett's title was conveyed to plaintiff. Plaintiff does not claim any greater rights than Bassett had when he conveyed to it."

And stating further from the record:

"This action was commenced in January, 1911, up to which time the defendants had taken no steps to obtain relief from the said Bassett judgment."

Among the conclusions of law found by the trial judge is the following: that this delay constitutes laches on the part of defendants, since they should have vacated such judgment.

The action having come to issue and having been tried, the trial court ordered a judgment in favor of the plaintiff quieting its title and for costs against the defendants. This is an appeal from such judgment.

*Albert S. Larson,* for the appellants.

For the respondent there was a brief by *Kreutzer, Bird, Rosenberry & Okoneski,* and oral argument by *C. B. Bird.*

SIEBECKER, J. The plaintiff relies on the efficacy of the judgment entered March 5, 1907, in the action of Bassett v. Iola Land Company declaring and establishing that Bassett had title to the premises in question and barring any claim under the record title of the Iola Land Company, and any one claiming through or under it.

It is claimed and urged in defendants' behalf that their title is paramount to title of the plaintiff and not cut off by the *lis pendens* action of Bassett v. Iola Land Company; and also that their title remains unaffected by the judgment in that action, because the plaintiff in that action was notified by the answer of the Iola Land Company, disclaiming any interest in the land and alleging that it had conveyed its title prior to the commencement of the action to the defendants in this action.     Bassett had no actual knowledge of such conveyance before he commenced his action, and these defendants did not cause their deed from the Iola Land Company to be recorded until one day after rendition of the judgment in the Bassett action, namely, March 6, 1907.     It is also urged that the interest acquired by these defendants was not barred by such judgment because the court failed to make them parties defendant in that action upon the answer of the Iola Land Company showing it had conveyed its interest to defendants prior thereto.     These claims of the defendants in this action present interesting and grave questions, but in the view we take of the case it is not necessary to consider them and therefore we leave the questions thus presented undecided.

The record of this action shows that the plaintiff's title is established and confirmed by a judgment rendered in an action brought under the provisions of sec. 3187, Stats., by one Bassett, who then owned the interest now held by the plaintiff against the record owner of the defendants' title.     The plaintiff in this action also alleges that the defendants persist in asserting their claim of title to the land, in disregard of its rights under the judgment in the Bassett action.

The trial court held that defendants were guilty of laches in not seeking relief from the judgment in the Bassett action. If the ruling of the trial court is correct, then all the other claims of the defendants are immaterial to a final determination of the rights of the parties to the land involved in this action.     Manifestly the judgment of record in the Bassett

action is a complete determination, as between the parties to that action, of the rights, interest, and title to the land in controversy. The judgment confirms the title of Bassett and adjudges that he is the owner in fee simple of the premises and bars the Iola Land Company and all persons claiming any right, title, or interest in said premises through or under it. The defendants have wholly failed to take any steps to be relieved of this adjudication which affects their alleged title to the premises, and now aver that they are blameless in the matter and seek the aid of equity to have this judgment in the Bassett action declared ineffectual as against the rights and title they acquired under their deed of conveyance from the Iola Land Company. It is undisputed that the defendants were informed of the pendency of the Bassett action and that a judgment was being rendered therein on the day judgment was awarded. The defendants took no steps to protect their interest as against this adjudication, and apparently took the view that they would stand on whatever rights they acquired by having their deed recorded. In the light of the knowledge thus acquired by them concerning the proceeding in the Bassett action, it became their legal duty to assert their rights to the property involved within a reasonable time after the proceeding in the Bassett action was brought to their notice.

One not a party of record, but who is the real party in interest, may on motion have a judgment vacated upon a proper showing one year after the entry. Sec. 2832, Stats.; *Lampson v. Bowen,* 41 Wis. 484.

Notice of the entry of a judgment is not required to be a written notice; it is sufficient if a party has actual notice thereof to require him to exercise diligence in seeking relief therefrom. *Butler v. Mitchell,* 17 Wis. 52. A party seeking relief from a judgment after notice thereof must proceed with reasonable diligence. *Superior C. L. Co. v. Dunphy,* 93 Wis. 188, 67 N. W. 428. The defendants, who al-

lege that they are the real parties in interest in the litigation over the land embraced in the judgment of the Bassett action, were entitled to apply to the court by motion within one year from the rendition of judgment to have it vacated upon a proper showing. This they neglected to do, but now assert the right to be relieved therefrom upon equitable grounds, after sleeping on their rights since March 6, 1907. The record discloses that they did nothing indicating any steps to impeach the judgment whereby the very rights they now assert were finally determined by the court. It furthermore appears that defendants were only aroused from total inactivity in the matter through the institution of this action by the plaintiff against them to assert its rights established by the former judgment. Upon the face of the record it is plain that the defendants have been derelict in their duty to a high degree in asserting their claims against the effect of this judgment which bars and cuts off their title to the land embraced in that litigation. Their course of conduct in the matter does not square with the idea of due diligence, but on the contrary is characterized by unreasonable delay and inexcusable neglect. Under such circumstances courts of equity must withhold relief because parties have clearly slept on their rights and are in the law guilty of laches. The trial court properly awarded judgment against the defendants upon these grounds.

*By the Court.*—Judgment affirmed.