## SUPERVISORS OF CRAWFORD COUNTY VS. LE CLERC.

3p 325
101 440.

COURTS — INTERPRETER.— The county courts have no power to employ interpreters of foreign languages, at the expense of the county, to interpret testimony in such courts; but the circuit courts of the state, being charged with the execution of the criminal law, may employ interpreters in criminal cases, and their action in employing or appointing such interpreters is conclusive on the county.

(4 Chand., 56.)

ERROR to the County Court of *Crawford* County.

This was an action of assumpsit against *The Board of Supervisors of Crawford County* for services rendered by *Le Clerc*, the plaintiff, as an interpreter for parties litigant in that court and in the circuit court for that county, claiming in all the sum of

$230.   At the trial it appeared that *Le Clerc* had been appointed interpreter by the circuit and county courts for that county, at various terms of the court, and his proofs consisted of various certificates of the clerks and judges, that he had attended as an interpreter.   The court charged the jury that the circuit and county courts had authority to employ an interpreter, if they deemed it necessary, at the expense of the county ; that if they found that the plaintiff had served in the capacity of an interpreter, under the direction or appointment of such courts, he was entitled to a reasonable compensation therefor, from the county treasury, and that the jury were bound therefore to find for the plaintiff.   These instructions were excepted to, and the jury found a verdict for the plaintiff for $116, upon which he had judgment, and the defendant sued out this writ of error.

*W. R. Biddlecome*, for plaintiff in error.

*S. Crawford*, for defendant in error.

KNOWLTON, J.   This was an action of assumpsit brought by *Le Clerc* against *The Board of Supervisors of Crawford County*, for services rendered as interpreter in the circuit and county courts of that county, claiming $230 therefor.   The defendant in error recovered $116, the amount found by the jury.

The principal question, and the only one necessary to be decided in this case, arises upon the first and second instructions asked by the plaintiff below (defendant here), and given by the court to the jury, to wit : " 1st. That the circuit and county courts have authority to employ an interpreter, if they deem it necessary, at the expense of the county.

" 2d. If the jury find that the plaintiff has served in the capacity of an interpreter under the direction of said courts, he is entitled to a reasonable compensation therefor from the county treasury ; and that the jury were bound, therefore, to find for the plaintiff."

The charge thus given is clearly erroneous.   The judge seems not to have considered the distinction between the pow-

ers of courts of limited jurisdiction and courts of general juris-
diction. Courts of limited jurisdiction, like our county courts,
being mere creatures of the statute, have no powers except such
as are derived from the statute, and it must appear upon the
face of their proceedings that they acted within the powers grant-
ed.. If this does not appear, all they do is *coram non judice*,
and void. See *Kemp v. Kennedy*, 1 Peters, 30, 36 ; *McCormick
v. Sullivant*, 10 Wheat., 192. The authorities are all clear upon
this point. Our county courts are not vested with any crim-
inal jurisdiction, except perhaps, on appeals from the courts of
justices of the peace; and the law will presume that the only
cases requiring an interpreter were civil cases, and then the
parties litigant will pay for such service. If it be in a criminal
case, it must so appear upon the face of the proceedings, or
at least be proven that the services were rendered in such
cases. There can be no doubt but that courts of both limited
and general jurisdiction have the power to appoint an interpre-
ter, if it becomes necessary to carry into effect the powers with
which they are vested.

Whenever jurisdiction of the court vests as to the principal
matter, the incidental points are included. *Smart v. Wolf*, 3
Term, 342. And certain implied powers must necessarily
result to our courts of justice from the nature of their institu-
tion. *United States v. Hudson & Goodwin*, 7 Cranch, 32. These
principles are well settled in the different states.

A court of general jurisdiction, like our circuit courts, having
charge of the grand jury and unlimited criminal jurisdiction
(the costs of which are chiefly to be paid by the respective coun-
ties), deeming it necessary to expedite business, thereby assum-
ing the costs of the court to the county, may appoint an inter-
preter, or as many as it deems necessary, at the expense of the
county, and this is a matter of discretion and is addressed to
the mind of the court, and such appointment is conclusive upon
the county. The county of Crawford was peculiarly situated
in this respect, and from the first organization of the district

court under our territorial form of government until we became a state, the district court found it necessary to have one or more interpreters, and government found no fault in paying them $5 per day. The heads of the departments took this view of it and justly paid the demand. The discretion of the court had been exercised and became conclusive.

Our circuit courts have the same power that the district courts had under the territorial government, to apppoint necessary agents to enforce the duties required of them by law, where the legislature had failed to provide those agents. And their decisions are equally conclusive against the counties, inasmuch as the constitution and statutes of our state have imposed these expenses upon the counties, and made no other provision for their payment. The treasury, out of which the grand jury and cost of criminal prosecutions are to be paid, is also the one out of which an interpreter is to be paid. But suppose it be contended that this is not a matter of mere discretion addressed to the mind of the court, and the act is not conclusive and can be reviewed. Then I reply, it is in the nature of a judgment or decree, and can only be reviewed in a court of error. For it is a principle too well settled to need any authorities cited to sustain it, that judgments of courts of general jurisdiction are never considered void until set aside by a superior court. No inferior court can inquire into the validity of such judgments ; they are conclusive on the subject matter. In this case there was no appeal taken to a superior court, and the charge of the judge in this respect would have been correct so far as the services in the circuit court were concerned. That courts of general jurisdiction have the power is clear. Such courts of general jurisdiction cannot be ousted except by express words of an act of parliament or necessary implication. *Shipman v. Herbert*, 4 Term, 107 ; *Carter v. Knight*, 3 id., 442. This doctrine has always been held good in the supreme courts of the several states of this union. *Burninghoven v. Martin*,

3 Yeates, 479; *S. P. Overseer, etc., v. Smith,* 2 Serg. & R., 363; *Murfrey v. Leeper,* 1 Term, 1.

We are of opinion that the charge of the county court, to the jury, was erroneous, and that the case be remanded back to said county court, to be proceeded in according to law.

Judgment reversed.