Gibbs vs. Shaw et al.

---

## GIBBS vs. SHAW and another.

An administrator's sale of land under a license from the probate court, cannot be sustained in a collateral proceeding, where the record fails to show that the heirs at law were notified as required by statute of the application for such license.

A statement in such license that it appeared to the judge "that the notice had been published" in a certain newspaper, is not sufficient evidence of *due* publication.

Whether a recital of all the facts necessary to constitute a proper notice, in the order granting the license, without any other proof of notice in the record, would be sufficient to sustain the proceedings, is not decided.

APPEAL from the Circuit Court for *Rock* County.

Action to recover damages for a breach of covenant of warranty in a deed of land by the defendants to the plaintiff. The complaint alleged that at the time the deed was made, the paramount title to an undivided half of the land was not in

the defendants but in H. K. Whiton, and that the plaintiff had been obliged to expend $200 to extinguish said title. The answer denied these allegations. On the trial, it was admitted that one Sprague died seized of the land in question; and also that the plaintiff had purchased Whiton's title for $200 since the execution of the deed to him by the defendants. The plaintiff then offered in evidence the records of the county court of Rock county, to show the appointment of one Alling by said court, in 1856, as administrator *de bonis non* of the estate of said Sprague, and the sale of the lands in question to Whiton by said Alling, pursuant to an order of sale made by said court. The defendants then produced the records of said county court relating to the appointment and administration of one Jabez R. Wells as administrator of the estate of said Sprague. Said Wells was appointed administrator in 1840. That part of the record referred to in the opinion of this court is as follows: " PROBATE COURT, ROCK COUNTY, December 7, 1840. Appeared Jabez R. Wells,' and showing to the court that the citation issued by the court on the 23d day of September last past, Jabez R. Wells versus        had been published in the Wisconsin Enquirer     consecutive weeks, beginning on the     day of      , and the said heirs in law to the estate of David Sprague, late of Laporte county, Indiana, deceased, not appearing to answer to the citation, the said J. R. Wells is ordered to sell at public auction, to the highest bidder, all the estate named in the inventory which the said Wells, administrator on said estate, has filed in this court," &c. The other portions of the record are here omitted, as no question in regard to them is passed upon by this court in the present case. The defendants also read in evidence a recorded deed of the land in question, executed by said Wells, in January, 1841, to one Fisher, as the purchaser at the administrator's sale. This deed recites, among other things, that at the time and place at which the heirs of Sprague were notified to appear before said county court and show

cause why said land should not be sold, &c., the said court was "satisfied that the heirs of the said decedent had been duly notified," and that "no cause was shown why the said real estate should not be sold," &c. The defendants then showed a conveyance to them, by Fisher, of the lands in question.

The court found the facts as alleged in the complaint, and rendered judgment for the plaintiff; and the defendants appealed.

*I. C. Sloan,* for appellants :

The license to sell, granted to Wells by the circuit court, clearly recites the fact of publication ; and the granting of the license is conclusive evidence of a judicial determination that the publication was sufficient. When the record is silent as to the time of publication, but recites the fact, it will be presumed to have been published as required by law. It is only when the record itself shows that the publication was too short, that a court will hold the proceedings void. Besides, the statute of 1839, p. 317, § 29, does not require any specific time of publication. The court is to order due notice to be given, and its judgment that its own order has been complied with must be conclusive where the proceedings are attacked collaterally. The reasoning of the supreme court in *Grignon vs. Astor*, 2 How., 319, applies with peculiar force to this case. The sale made by Wells was acquiesced in for over fifteen years before any attempt was made to disturb it; and then application was made for the appointment of Alling as administrator *de bonis non*—that is to administer the assets of the estate not already administered by Wells. The very nature of Alling's appointment is a confirmation of Wells's appointment, and of his acts so far as he had taken any steps in the administration of the estate. Now the only property belonging to the deceased in this state were the lands in question, (as is shown by the inventory in both administrations,) and the only act of administration which Wells performed was the sale of these lands ; and the appointment of Alling as an administrator *de bonis non*

is a confirmation of that sale. The title under it had been un-disputed for more than fifteen years when Alling was appoint-ed, and he was not at liberty under his appointment to inter-fere with the acts of Wells as administrator. His only duty was to obtain possession of the assets and apply them to the payment of the debts, if that had not already been done by Wells. Wells had received the price of these lands under his sale, and held it for the benefit of the creditors of the estate. He had executed a perfectly valid bond with a responsible surety on his appointment, and Alling could have collected the amount received for the land of his surety, if he had not made proper application of it; but the presumption, in the absence of proof, is that he had paid it over as required by law. The court will not permit this estate, through its representative Wells, to receive of *bona fide* purchasers the consideration for the land sold by him, and then allow his successor in the administra-tion of the estate to repudiate the sale, and again sell the same lands and receive their value a second time, for the benefit of the creditors of the estate. *Cheek vs. Wheatley,* 3 Sneed (Tenn.), 484.

I do not see why the same rule will not apply to an admin-istrator's sale that this court has repeatedly applied to a sale by a person acting in his individual capacity. If an individual should sell a piece of land and receive the consideration, al-though the conveyance was defective, he would be estopped from taking advantage of the defect, and a court of equity would compel him to reconvey. Mr. Whiton was not a *bona fide* purchaser under the Alling sale. Wells's deed to Fisher, reciting in full the proceedings and sale made by him, was re-corded, and was notice to any subsequent purchaser of Fish-er's title and equitable rights. This rule might not apply if the *heirs* sought to repudiate the sale, for the proceedings of the administrator in selling real estate to pay the debts of the deceased is adverse to the interest of the heirs, and they in no sense consent to such sale; but it *is* the proceeding of the cred-

itors of the estate, taken for their benefit, through their representative the administrator, and they receive the consideration, and ought to be estopped from availing themselves twice of the same property. Creditors have no such superior equitable rights over *bona fide* purchasers that a court will permit them to make a double sale of the same property, and have the consideration in both sales applied to the payment of their debts.

*H. K. Whiton*, for respondent.

*By the Court*, PAINE, J. Without passing upon any of the other objections to the validity of the sale of real estate by the first administrator, Wells, we think that sale must be held void because the record fails to disclose any notice to the heirs at law of the time and place of hearing the application. The statute required such notice to be given before any such application should be heard. Statutes of 1839, p. 317, sec. 29.

The record offered to sustain that sale contains no proof whatever that any notice was given. The only thing upon which it could be assumed is a fragment of a recital, in the order granting the license, to the effect that it appeared to the judge that the notice had been " published in the Wisconsin Enquirer," but leaving blanks at all the places where the facts should have been specified showing such publication to have been according to the statute. And without determining whether a complete recital of all the facts necessary to show a proper notice, in an order granting a license by a probate judge, would be sufficient to sustain the proceedings, in the absence of any other proof of notice in the record, it seems clear that such a recital as this cannot be so, it being evidently incomplete on its face, and failing to show or even recite the necessary facts.

The question then is, whether an administrator's sale under a license from the probate court can be sustained, where the record fails to show notice to the heirs at law as required by

the statute? And we are of the opinion that it cannot be. There may be some cases where it is intimated that such notice is not jurisdictional. But we regard the opposite doctrine as established by the weight of authority and resting upon the soundest principles, and that it is also established that the records of probate courts must show jurisdiction in order to sustain their proceedings. See the cases cited where this question is alluded to, in the case of *Stark et al. vs. Brown*, 12 Wis., 582. See also *Dakin vs. Hudson*, 6 Cowen, 221; *Corwin vs. Merritt*, 3 Barb., 341.

The judgment is affirmed, with costs.