Heminway vs. Reynolds and another.

HEMINWAY, Respondent, vs. REYNOLDS and another, Appellants.

*February 8— March 1, 1898.*

(1) *Appeal from county court: Correction of its records.* (2–5) *Wills: Probate: Jurisdiction: Notice: Proof of publication: Mistake in order: Presumptions: Record.*

1. Under sec. 4031, R. S. 1878 (providing that "in all cases not otherwise provided for, any executor, administrator, trustee, or any person aggrieved by any order, judgment, decree, determination, or denial of the county court . . . may appeal therefrom to the circuit court," etc.), the circuit court has jurisdiction to amend or correct the records of the .county court upon appeal from an order of that court denying a petition for their correction.

2. Unless notice of the time and place of proving a will was given as required by sec. 3787, R. S. 1878, all subsequent proceedings based thereon are void as to such persons in interest as did not appear or assent thereto, or have not since supplied such want of appearance by acts clearly indicating an assent thereto or ratification thereof.

3. Testimony of the attorney for the proponent of a will that he was present when the will was admitted to probate, and remembered getting money from his client which he paid to the printer of a newspaper for printing notice of the proof of the will, and that an affidavit of the publication of such notice was made and filed by him with the county judge, but that he did not pretend to remember its contents; and testimony of the proponent that she gave

Heminway vs. Reynolds and another.

such attorney money to pay the printer's fees, and thought she re-
membered seeing the notice in the papers, but did not know what
kind of a notice it was that she saw, are *held* sufficient to sustain
a finding that *a* notice was published, but entirely insufficient to
sustain a finding that a proper and legal notice was given.

4. A decree, entered July 3, admitting a will to probate, recited sub-
stantially that notice had been given as required by an order of
June 6. That order fixed the date of hearing as Saturday, July 3,
and directed publication of notice "according to law." Saturday
was in fact July 4 and a legal holiday upon which the court could
do no work. The form of notice prescribed by statute is: "Notice
is hereby given that at the ———— term of the county court to be
held . . . on the first Tuesday of ————, A. D. 18—, the follow-
ing matter will be heard and considered," etc., no day of the month
being mentioned. *Held*, that the inference would arise that the
notice as published fixed the day of hearing either on the first
Saturday of July, or, as mentioned in the order, "on Saturday the
3d day of July." In the first event the notice would be illegal, and
in the second misleading and deceptive and therefore insufficient.

5. Where the jurisdiction of a court is attacked directly, and there is
no proof of the facts upon which the question of jurisdiction rests,
no intendments in favor of jurisdiction can be indulged in except
such as are supported by the record, if the record attempts to deal
with that question.

APPEAL from a judgment of the circuit court for Dodge
county: W. F. BAILEY, Judge. *Reversed.*

Anselmo Reynolds, then being a resident of Dodge county,
in this state, died on May 2, 1891, leaving a will. At the
time of his death, he owned a small amount of personal prop-
erty and certain real estate in Dodge county. He left a
widow, a daughter, *Cora Heminway*, the respondent, a son,
*Frank S. Reynolds*, and a daughter, *Mary Calhoun*, all of
full age. The widow died on December 4, 1891.

On June 6, 1891, the respondent presented the Reynolds
will for probate to the county judge of Dodge county, and
on that day the judge made an order "that the proofs of
said instrument be heard before the judge of this court on
*Saturday*, the 3d day of July, A. D. 1891, at 10 o'clock in
the forenoon, at the office of the county judge in Mayville,

in said county." The order further provided "that public notice thereof be given to the heirs at law of said deceased, and to all other persons interested, by publishing a notice according to law, for three successive weeks prior to said day of hearing, in the Dodge County Volksfreund, a weekly newspaper, printed and published at Mayville, in said county." On Friday, July 3, 1891, the will was presented and duly proven, a certificate of its probate duly issued, and letters testamentary were issued to *Cora Reynolds* (now *Cora Heminway*) as residuary legatee.

On October 27, 1894, *Frank S. Reynolds* filed in the county court of said county a petition asking to have the probate of said will set aside and vacated. On January 29, 1895, the respondent filed a cross petition for a correction of the records of said court by supplying proof of the publication of notice to heirs and all persons concerned, of the proposed probate of said will. On the same day, the court made an order requiring the parties to make up an issue for trial, and a complaint and answer were accordingly filed. At a hearing, on March 8, 1895, the county court denied the respondent's motion to correct the records as to the giving of notice of the probate of the will, and, without further proof, made an order vacating and setting aside the probate of said will. From this order respondent appealed to the circuit court.

Upon the hearing in the latter court the only matter litigated seems to have been whether the notice for hearing the proof of the will of Anselmo Reynolds had ever been given or not; and, after taking the proof, the court found substantially that such notice had, in fact, been duly published and proof thereof filed in the county court; and a judgment was entered reversing the order of the county court, and restoring and reviving the order admitting the will to probate, without prejudice to the right of *Frank S. Reynolds* to prosecute his petition in the county court as to all matters not disposed of by the judgment. From the judgment so entered this appeal is taken.

For the appellants there was a brief signed by *Sawyer & Sawyer*, of counsel, and oral argument by *H. W. Sawyer* and *J. E. Malone.*

*De W. C. Priest*, attorney, and *Edward S. Bragg*, of counsel, for the respondent.

BARDEEN, J. It is insisted that the circuit court obtained no jurisdiction to amend or correct the records of the county court under the appeal from the order mentioned. Sec. 4031, R. S. 1878, is comprehensive in its terms, and seems certainly to warrant such appeal. It says: "In all cases not otherwise provided for, any executor, administrator, trustee, or any person aggrieved by any order, judgment, decree, determination, or denial of the county court . . . may appeal therefrom to the circuit court for the same county," etc. The act appealed from was within the ordinary judicial functions of the county judge, exercised in conformity with a plain provision of statute, and involved a substantial right, properly the subject of review. There is no force in the argument that the statute as to appeals does not apply because the provisions in regard to the amendment of records are grouped by themselves and separate from those portions treating of the general powers of the county court.

The remaining question is one of much more difficulty. It is insisted that, upon the record in county court and the proof given in the circuit court, there was nothing to show that a proper notice to heirs and others interested was ever given of the application to admit the Reynolds will to probate, as required by sec. 3787, R. S. 1878. The fact is admitted that there was no proof, by way of affidavit, of the publication of such notice, in the record of the county court, nor is there any entry relating to the same in any of the books in his office. If no such notice was in fact given, all subsequent proceedings based thereon were void as to such persons in interest as did not appear or assent thereto, or have not since supplied such want of appearance by acts

clearly indicating an assent thereto or a ratification thereof.
*O'Dell v. Rogers*, 44 Wis. 136; *Melms v. Pfister*, 59 Wis. 186.
In *Gibbs v. Shaw*, 17 Wis. 197, where an administrator's sale
of land was challenged, the sale was held void, because the
record failed to disclose any notice to the heirs at law of the
time and place of the hearing of the application for leave
to sell. In this case the giving of the notice of the time and
place of proving the will, as required by statute, was neces-
sary to give the county court jurisdiction to bind the parties
in interest. Unless we can say from the record itself and
the proof offered that such notice, in fact, was given, the
judgment of the circuit court cannot be sustained.

The will of Reynolds was presented to the county judge
for probate on June 6, 1891. On that day the judge made
an order fixing the time and place for hearing proofs of its
due execution. F. M. Lawrence appeared as attorney with
*Mrs. Heminway*. On the hearing in circuit court, the for-
mer testified that he was present on July 3d, and remem-
bered getting money from *Mrs. Heminway*, which he paid
to one of the printers of the Dodge County Volksfreund for
printing notice of the proof of the will of Reynolds; that an
affidavit of the publication of the notice was made out and
filed by him with Judge Lamoreux; and that he did not
pretend to remember the contents of the notice. *Mrs. Hem-
inway* testified that she gave Lawrence money to pay the
printers' fees, and she thought she remembered seeing the
notice in the paper, but did not know what kind of a notice
it was that she saw. This is substantially all the testimony
to be found in the case relating to the notice. It will be
noted that no proof was offered as to the contents of the
notice or the length of time it was published. It is sufficient,
however, to support the finding of the trial court that *a* no-
tice was published.

We are left to deal with the substance of the notice on
the basis of inference. These inferences must be derived

from the state of the record, and the recitals found in the papers and documents on file. In the order for hearing proofs of the will we find the following: "It is ordered that the proofs of said instrument be heard before the judge of this court on *Saturday*, the 3d day of July, A. D. 1891," etc.; also, "and it is further ordered that public notice thereof be given to the heirs at law of said deceased, and to all other persons interested, by publishing a notice according to law for three successive weeks," etc. The proceedings were had before the county judge on *Friday*, July 3d, instead of *Saturday*, which was the 4th and a legal holiday. The caption of the decree allowing the will is as follows: "At a general term of county court within and for the county of Dodge, and begun and held at the office of the county judge on the 1st Saturday of July, A. D. 1891, to wit, this 3rd day of July, 189 ." In the body of the decree is found the following recital: "And it appearing that due notice of the time and place of such hearing has been duly given, as required by the order of the court herein made on the 6th day of June, A. D. 1891." The decree bore date "July 3d, 1891." It is not claimed that the order for hearing the proofs of will was published as is sometimes the practice, but that some kind of a notice was printed, presumably a notice in conformity with sec. 4050, R. S. 1878. So far as material to this discussion, the form of the notice prescribed by this statute reads as follows: "Notice is hereby given that at the ――― term of the county court to be held . . . in said county, on the first Tuesday of ―――, A. D. 18―, the following matter will be heard and considered," etc.

We have referred to these matters at length because the contention has arisen that the recitals in the record, with the proof offered, are sufficient to sustain the findings of the circuit court. Unsupported by the record, the evidence is entirely insufficient to support a finding that a proper and legal notice was given — First, because it fails to disclose anything

regarding the contents of the notice, and this is material be-
cause of the mistake in the order naming the *day* of the
hearing as Saturday, July 3d, instead of Friday; second,
because it fails to show that the notice, whatever it was, was
published for three successive weeks. The authorities are
uniform that, in proceedings of this kind, the requirements
of the statute as to obtaining jurisdiction must be followed
with a reasonable degree of strictness. It is also true that,
in an action like this directly attacking the proceeding of
the court by which it claims to have attained jurisdiction,
there is not the same liberality of intendment to support the
proceeding as in cases where it comes in review collaterally.
If the recitals in the decree allowing the will had said that
notice had been given according to law, or had used words
of similar import, we should not hesitate to support the ju-
risdiction of the county court. Such recitals would' import
a compliance with statutory requirements. But the decree
in question is quite imperfect in this respect. It says sub-
stantially, that notice has been given as required by the
order of June 6, 1891. Turning to that order, we find the
date of the hearing fixed as *Saturday*, July 3d. We know
that Saturday was July 4th, and a legal holiday upon which
the court could do no work. We find, further, that the order
directs a publication of a notice "according to law." Upon
reference to the form of the notice prescribed by law, we
discover that no day of the month is mentioned in it, and
that such hearings are usually advertised for some designated
Tuesday of each month. We are thus driven to the infer-
ence either that the notice published fixed the day of hear-
ing on the first Saturday of July, or that it fixed said date
as mentioned in the order, on "Saturday, the 3d day of July."
The court is unanimous in the opinion that a notice of either
kind would be deceptive and misleading.

As before remarked, in proceedings of this kind, which
involve the disposition of large property interests and the

Heminway vs. Reynolds and another.

settlement of large estates, the requirements of the statute must be followed with a reasonable degree of strictness in the attempt to secure jurisdiction. Jurisdiction cannot be supported upon doubtful and uncertain inferences. If the notice in question followed the order fixing the date of hearing, the conclusion that a person glancing at it might easily be deceived or misled is too plain for argument. If the time fixed was the first Saturday in July, the notice was clearly illegal. The deductions to be drawn in either case are not helped out by the parol evidence in the case.

We are not unmindful of the rule that, where the jurisdiction of a matter depends upon the existence of certain facts which the court has authority to determine, its finding thereon is final and conclusive until reviewed in a direct proceeding. In this case the county court had undoubted jurisdiction to hear proofs of the will, but it had no jurisdiction to bind parties in interest unless it secured that right in the manner provided by statute, or it was waived. When the day of hearing arrived, the court might determine for itself whether it had a right to proceed to bind all parties in interest; but that decision is not conclusive, unless supported by the facts. Much greater latitude of intendment is indulged in to support the jurisdiction of such courts when the matter comes up collaterally than in a case where a direct attack is made. In absence of proof of facts upon which the question of jurisdiction rests, no intendments in favor of jurisdiction can be indulged in except such as are supported by the record, if the record attempts to deal with that question. As we have already seen, the record in this case tends rather to confuse than to aid in the solution of this question. We cannot give our assent to the support of proceedings so manifestly irregular, deceptive, and misleading as are shown by the records in this case.

*By the Court.*— The judgment of thè circuit court is reversed, and the cause is remanded with directions to affirm the order of the county court.