HARRIS and another, Respondents, vs. GOLLINER, Appellant.

*September 9—October 8, 1940.*

For the appellant there were briefs by *Hall, Baker & Hall,* and oral argument by *Paul Griffith,* all of Madison.

For the respondents there was a brief by *Boardman & Jones* of Mineral Point and *Gibbon & Hamilton* of Dodgeville, and oral argument by *David Jones* and *Frank D. Hamilton.*

FOWLER, J.  The cognovit judgment involved in this case was entered November 30, 1937.  A motion to open the judgment and permit defense was made on November 29, 1938, when an order to show cause was issued returnable December 7, 1938.  The court filed a written decision on June 30, 1939, stating that "the application must be denied," and the order of denial was actually entered on November 16, 1939.

The application for relief was under sec. 269.46 (1), Stats., on the ground that the judgment was entered against the movant through "surprise."  The respondents claim that the order refusing to vacate the judgment was not made until more than a year after the defendant received notice of its filing, that the court therefore had no jurisdiction to vacate the judgment and the order denying the motion was therefore correct.  This point was not presented to the county court.  Nor did the court consider it.  But the matter being jurisdictional the refusal to vacate must be sustained if it appears from the record that more than a year elapsed between the time when the movant received notice of the entry of the judgment and the time when the order was entered.  That a court is without jurisdiction to vacate a cognovit judgment more than a year after notice to the movant of its entry is held in *State ex rel. Gaudynski v. Pruss,* 233 Wis. 600, 290 N. W. 289, and cases therein cited.

The only allegation of the affidavit as to when the movant received notice of the judgment is that it was not received until "more than a month after the entry."  With this is coupled the statement that "affiant [movant] does not now recall the exact date when he was first informed that such judgment had been entered . . . but does know that it was more than a month after the entry thereof."

The movant's affidavit, and this is all that is in the record bearing upon the point, shows that the motion was made

within a year from receiving knowledge of entry of the judgment, and that the time set for hearing of the motion, December 7, 1938, was within such year. But the motion must not only be made, but it must be decided within that year. *Fischbeck v. Mielenz,* 162 Wis. 12, 15, 154 N. W. 701; *Pruss Case, supra.* The question thus is whether from the affidavit of the movant it sufficiently appears that the order denying vacation of the judgment was entered more than a year after the movant received notice of its entry.

The movant claims that under *State ex rel. Wingenter v. Circuit Court,* 211 Wis. 561, 564, 248 N. W. 413, June 30, 1939, when the court filed its written decision, rather than November 16, 1939, when the order was actually entered, fixes the time from which the lapse of a year must be determined. If so, the movant must have discovered the judgment on or after June 30, 1938. He says he discovered it "more than a month after the entry," that is, on or after December 30, 1937. December 31, 1937, would be more than a month after that date. The movant may have discovered the entry on the latter date for all that appears from the affidavit. A year from December 31, 1937, is December 31, 1938, and the decision of the motion was not filed until June 30, 1939, six months after that time. On the hypothesis that the date of the written decision fixes the time from which the year is to be computed, the discovery must have been made June 30, 1938, or thereafter to give the court jurisdiction to enter the order. The statement of the affidavit is that the movant does not know the date when he discovered the judgment, but does know that it was more than a month after November 30, 1937. The reasonable inference to be drawn from the statement is that the movant learned of the judgment after but about December 30, 1937, probably during the month of January, 1938,—

certainly before July 1, 1938. That is the only reasonable inference to be drawn from the affidavit.

The movant claimed on the argument that the burden is on the respondent to show that more than a year elapsed between discovery of the judgment by the movant and its entry, and that to support denial on the ground of want of jurisdiction the respondent must affirmatively show the lapse of the period. The respondent then claimed that the burden is on the movant to show that the period did not lapse to entitle him to vacate the judgment; and that to support his motion the movant must affirmatively show that he discovered the judgment not more than a year before the denial of the motion. This question of burden of proof was raised in the *Pruss Case, supra,* but not decided for the reason that decision of it was not necessary because this court ruled that the preponderance of the evidence clearly established that the period had elapsed.

It is clear that to be entitled to relief under the statute the movant must show that the statutory period had not elapsed. If the moving papers showed that more than a year had elapsed between the entry of the judgment and the making of the motion, but did not make any statement at all as to when the movant received notice of the judgment, the court would necessarily deny the motion, because the movant had not brought himself within the statute. It would not be incumbent on the respondent in such case to show affirmatively that the movant was notified of the judgment more than a year prior to the making of his motion. By the same token, if the statement made by movant fails to show definitely that he received notice of the judgment less than a year prior to the determination of his motion, he has not brought himself within the statute and his motion must be denied. There is no difference in principle between the two situations stated, and this seems entirely sufficient to support a ruling that the burden is on the

movant to show affirmatively that notice of the judgment was received less than a year from the time of entry of the order deciding his motion. This the movant has not done. He has only shown that the year may not have elapsed,— not that it did not elapse. He has at most only shown that may be he is within the statute, not that he is within it.

The general rule is that the party who seeks to have a judgment opened or set aside must assume the burden of proving the facts essential to entitle him to the relief asked, 34 C. J. p. 352, § 567; and "must establish the facts on which he relies by clear, strong and satisfactory proof." 34 C. J. p. 358, § 573. A multitude of cases is cited in the notes in support of each of these propositions.

Black, Judgments (2d ed.), § 896, states that in a suit on a judgment of another state where the action was based upon a statute, jurisdiction will not be presumed but the statute must be pleaded. This would indicate that the general rule as to jurisdiction of courts of record being presumed does not apply in cases founded on a statute as is the instant motion. The jurisdictional facts in such cases, if they must be pleaded must be proved and the burden is on the person relying on the statute pleading them to prove them.

Wisconsin cases bear indirectly on the question. In *Newcomb v. Ingram,* 211 Wis. 88, 97, 243 N. W. 209, 245 N. W. 121, 248 N. W. 171, it is quoted from the early case of *Supervisors of Crawford County v. Le Clerc,* 3 Pin. 325, 327, that the county courts—

" 'being mere creatures of the statute, have no powers except such as are derived from the statute, and it must appear upon the face of their proceedings that they acted within the powers granted. If this does not appear, all they do is *coram non judice* and void.' "

Also in *Heminway v. Reynolds,* 98 Wis. 501, 507, 74 N. W. 350, it is stated:

"The authorities are uniform that, in proceedings of this kind [probate of a will], the requirements of the statute as to obtaining jurisdiction must be followed with a reasonable degree of strictness. . . . Jurisdiction cannot be supported upon doubtful and uncertain inferences. . . . In absence of proof of facts upon which the question of jurisdiction rests, no intendments in favor of jurisdiction can be indulged in except such as are supported by the record, if the record attempts to deal with that question."

So here. The record attempts to deal with the time of discovery. No intendments can be indulged to establish that time except such as are shown by the record and none is so shown. These cases bear on the question of the correctness of the order involved, not because the court was a county court, for the judgment was entered in the civil instead of the probate jurisdiction of the court, but because they assert that where jurisdiction depends upon a statute the party invoking the statute must show such facts as the statute imposes as a condition of jurisdiction.

The county court based its decision on the propositions that there was no merit to the defense, and that there was no reasonable probability that the defense could be established on a trial. Evidence, both oral and documentary, was taken in support of these propositions, over the objection of the movant. The movant contends that such evidence was erroneously received and the respondent contends to the contrary. As the order entered must be affirmed because the court was without jurisdiction to vacate the judgment, we do not consider these contentions.

*By the Court.*—The order of the county court is affirmed.