THORP SMALL BUSINESS INVESTMENT CORPORATION, Plaintiff and Respondent, v. GASS and others, Defendants: EAU CLAIRE TILE & TERRAZZO, INC., Defendant and Appellant.

*May 1—June 2, 1964.*

282

For the appellant there were briefs by *Wahl & Riley* of Eau Claire, and oral argument by *Victor T. Wahl*.

For the respondent there was a brief by *Charles G. Senn*, and oral argument by *Arthur B. Sullivan*, both of Eau Claire.

GORDON, J.   The trial court was without jurisdiction to correct the judgment (1) unless such amendment was made within the year provided for in sec. 269.46 (1), Stats., or (2) unless the correction was to make the judgment conform to what the court had actually pronounced. We are persuaded that the amendment of the judgment did not

qualify within either of these requirements, and, accordingly, there was no jurisdiction to amend the judgment.

### 1. *The Application of Sec. 269.46 (1), Stats.*

This section of the statutes authorizes the court to relieve a party from a mistake "at any time within one year after notice." The one year starts to run after notice of the judgment or order from which relief is sought.

"Knowledge" is the equivalent of "notice" under sec. 269.46 (1), Stats. *Langlade Realty Co. v. Magee* (1914), 156 Wis. 457, 461, 145 N. W. 1101; *Bloor v. Smith* (1901), 112 Wis. 340, 351, 87 N. W. 870. The statute does not refer to "notice of *entry* of judgment" but, on the contrary, refers only to notice of the judgment.

In the instant case, there was a verbal pronouncement by the court after a hearing on May 2, 1962, which permitted Thorp's counsel to prepare findings of fact, conclusions of law, and a judgment. From the record it is clear that findings of fact and conclusions of law were signed by the trial court on May 2, 1962. However, there is an ambiguity surrounding the date of the actual judgment. An examination of the record suggests that a judgment was signed by the clerk of the Chippewa county court on May 2, 1962. However, the date of May 2, 1962, was stricken, and the date of June 14, 1963, was substituted therefor, with the initials of the court clerk appearing alongside.

While there is ambiguity concerning the date of the judgment, there is no ambiguity concerning the fact that a notice of entry of judgment was dated May 3, 1962, and addressed to various attorneys, including the attorneys for the appellant, Eau Claire Tile. This notice was signed by Thorp's attorney and gives notice to the effect that the judgment was entered on May 2, 1962.

While there may be a scintilla of doubt that Eau Claire Tile actually received notice of the entry of judgment and that a judgment was in fact entered on May 2, 1962, there can be no doubt whatsoever that Thorp had notice of the order for judgment and was chargeable with the entry of such judgment. If there was a failure to prepare a judgment or to enter it, it was an error attributable to Thorp.

Under the foregoing circumstances, we conclude that Thorp had notice of the judgment within the meaning of sec. 269.46 (1), Stats., not later than May 3, 1962. Therefore, the amendment of the judgment on October 29, 1963, was beyond the one year authorized by sec. 269.46 (1).

### 2. *The Original Pronouncement of the Court.*

In its order amending the judgment on October 29, 1963, the learned trial court stated that "the judgment as entered was in error through the mistake and excusable neglect of said plaintiff *and did not conform to the judgment as originally entered.*" (Emphasis added.) The record contradicts the accuracy of the italicized portion of the foregoing quotation.

At the conclusion of the hearing on May 2, 1962, the record discloses that the following proceedings occurred:

"The Court: Well, I don't think there is any sufficient showing to burden him with receiver. There is nothing before me to show he was insecure other than the taxes were not paid. And we do have the insurance now, and the judgment of foreclosure is granted, based on the balance due unpaid is found to be $17,003.95 as of May 2, 1962, including interest. But the question for receiver is denied. Does that take care of everything?

"Mr. Senn: Yes, Your Honor.

"(Thereupon, testimony was concluded.)"

It is patently clear that the foregoing did not incorporate a statement as to the priorities of lien claimants. The written

findings of fact and conclusions of law, which were dated the same day as the court's pronouncement, granted a priority to the appellant, Eau Claire Tile, and we must conclude that the statement of priorities contained in the written findings are not contradicted by the "pronouncement" of the trial court.

In *Fischbeck v. Mielenz* (1916), 162 Wis. 12, 17, 154 N. W. 701, and reaffirmed by *State ex rel. Hall v. Cowie* (1951), 259 Wis. 123, 128, 47 N. W. (2d) 309, the governing rule is set forth:

"After the lapse of the term at which judgment is entered and the expiration of one year thereafter, the circuit court may correct a mistake in the entry of the judgment so as to make it conform to the judgment actually pronounced by the court. It cannot modify or amend the judgment to make it conform to what the court ought to have adjudged or even intended to adjudge."

In the instant case, the amendment of the judgment cannot fairly be said to have been a correction which was designed to make the written judgment conform to the actual pronouncement of the court. As noted in the *Fischbeck Case*, it is not sufficient that the purpose be to correct the judgment so as to make it conform to what was intended or what should have been adjudged. The term and the year having expired, the court was powerless to make the change.

The net result might appear to be harsh and represent a windfall to one not entitled thereto. See, *e.g., In re Cudahy Family Trust* (1963), 22 Wis. (2d) 198, 125 N. W. (2d) 344, and *Green Tree Estates, Inc., v. Furstenberg* (1963), 21 Wis. (2d) 193, 124 N. W. (2d) 90. The judgment could not be altered in the case at bar because the trial court was without jurisdiction at the time of the proposed amendment.

*By the Court.*—Order reversed.