STATE CENTRAL CREDIT UNION, Appellant, v. BAYLEY, Respondent.

*December 1, 1966—January 3, 1967.*

For the appellant there were briefs by *Thomas J. Bergen*, attorney, and *Kenneth G. Ogie* of counsel, both of Milwaukee, and oral argument by *Mr. Ogie*.

For the respondent there was a brief and oral argument by *Earl J. O'Brien* of Milwaukee.

CURRIE, C. J.  Neither defendant's petition to vacate and discharge the cognovit judgment, nor the order of the county court appealed from, specifies any statute as being applicable.  There was no oral or memorandum decision rendered by the county court so the record is barren of the ground on which the county court's order vacating and discharging the cognovit judgment was grounded.  The issues on this appeal, as we view them, are:

(1) Does either sec. 269.46 (1), Stats., or sec. 270.91 (2), authorize the entry of the order appealed from?

(2) If neither of these two statutes is applicable, did the county court, under its equitable powers, have the right to vacate and discharge the cognovit judgment on the ground of constructive fraud?

*Applicability of sec. 269.46 (1), Stats.*

Sec. 269.46 (1), Stats., provides:

"The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him obtained, through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding. In addition to the required affidavits, all motions to vacate a judgment entered upon default or cognovit and to obtain a trial upon the merits shall be accompanied by a proposed verified answer disclosing a defense."

In *Harris v. Golliner,*[1] this court proclaimed the general rule that under this statute the court is without jurisdiction to vacate a judgment on the grounds enumerated in the statute if more than one year has passed after notice of the judgment to the judgment debtor. Such lack of jurisdiction is one of subject matter rather than lack of jurisdiction over the parties.[2] "Knowledge" is equivalent to notice for the purpose of the statute.[3] The burden on the party moving to have a judgment vacated under this statute was described in *Harris v. Golliner,*[4] as follows:

"It is clear that to be entitled to relief under the statute the movant must show that the statutory period had not elapsed. If the moving papers showed that more

[1] (1940), 235 Wis. 572, 574, 294 N. W. 9.

[2] *Vande Voort v. Stern* (1962), 16 Wis. (2d) 85, 114 N. W. (2d) 126.

[3] *Thorp Small Business Investment Corp. v. Gass* (1964), 24 Wis. (2d) 279, 283, 128 N. W. (2d) 395; *Langlade Realty Co. v. Magee* (1914), 156 Wis. 457, 461, 145 N. W. 1101.

[4] *Supra,* footnote 1.

than a year had elapsed between the entry of the judgment and the making of the motion, but did not make any statement at all as to when the movant received notice of the judgment, the court would necessarily deny the motion, because the movant had not brought himself within the statute. It would not be incumbent on the respondent in such case to show affirmatively that the movant was notified of the judgment more than a year prior to the making of his motion. By the same token, if the statement made by movant fails to show definitely that he received notice of the judgment less than a year prior to the determination of his motion, he has not brought himself within the statute and his motion must be denied." [5]

Because the defendant's petition did not even allege that she was moving within one year after notice of judgment, it is clear that sec. 269.46 (1), Stats., would not have authorized the county court to vacate and discharge the judgment.

*Applicability of sec. 270.91 (2), Stats.*

Sec. 270.91 (2), Stats., provides in part as follows:

"Upon proper notice, any person who has secured a discharge in bankruptcy may apply to the court where such judgment was entered, for an order to satisfy such judgment as may have been duly discharged in such order of discharge in bankruptcy and *which judgment was duly set forth and included in such schedules of bankruptcy* as to the name and address of such judgment holder. If the court is so satisfied that such order of discharge in bankruptcy was duly obtained and that the name and address of such judgment creditor was included in such schedules of bankruptcy, then the court shall declare such judgment to be satisfied and direct satisfaction thereof to be entered on the docket. . . ." (Italics supplied.)

Inasmuch as plaintiff's claim against defendant had not been reduced to judgment at the time of the filing

---

[5] Id. at page 576.

of the schedules in bankruptcy, this statute is wholly inapplicable and would not have authorized the county court's order vacating and discharging the cognovit judgment.[6]

### Constructive Fraud.

The general rule is that the defense of a discharge in bankruptcy is an affirmative one which the bankrupt as a defendant must allege and prove.[7] However, when, as here, a judgment is entered upon a cognovit note wherein the answer in the judgment roll admitting liability has been signed by a lawyer pursuant to the warrant of attorney contained in the note, the bankrupt is precluded from interposing the discharge as a defense. This is wholly unlike the situation where suit is brought against the bankrupt on an obligation which has been released by the discharge in bankruptcy and the bankrupt defaults without interposing an answer pleading the discharge as a defense. In the latter case the bankrupt had his opportunity to avail himself of the defense but failed to utilize it.

We conclude that the instant judgment constituted a constructive fraud on the court which entered it since defendant bankrupt was prevented from asserting the discharge as a defense and the court entered a judgment which it would not have entered had the fact of the discharge been brought to its attention. Further, we determine that this is the type of fraud which entitled the court to vacate the judgment even though the judgment

[6] As to the power of a court to permanently restrain the enforcement of a judgment on the basis of the discharge of the debt see: *Leonard v. Yohnk* (1887), 68 Wis. 587, 32 N. W. 702; *Boynton v. Ball* (1887), 121 U. S. 457, 7 Sup. Ct. 981, 30 L. Ed. 985.

[7] *Pelikan v. Russell* (1966), 29 Wis. (2d) 308, 310, 139 N. W. (2d) 22; see also 8B C. J. S., Bankruptcy, p. 139, sec. 584a.

be beyond attack by appeal.[8] It is immaterial whether the fraud here is classified as extrinsic or intrinsic—it is sufficient that it is of a nature which shocks the conscience of the court.[9]

*By the Court.*—Order affirmed.

---

[8] For cases holding that a court has the equity power to set aside a judgment for fraud even though the time for appeal has expired, see *Estate of Baumgarten* (1961), 12 Wis. (2d) 212, 222, 223, 107 N. W. (2d) 169; *Estate of Kammerer* (1959), 8 Wis. (2d) 494, 502, 99 N. W. (2d) 841; *Will of Pettee* (1954), 266 Wis. 347, 352, 63 N. W. (2d) 715; *Will of Cosgrove* (1941), 236 Wis. 554, 565, 566, 295 N. W. 784, 132 A. L. R. 1514. While these four cases happen to involve the probate jurisdiction of county courts, this rule is applicable to all courts. 30A Am. Jur., Judgments, pp. 728, 729, sec. 788; 49 C. J. S., Judgments, p. 486, sec. 269.

[9] This court has expressly disavowed the distinction of extrinsic or intrinsic fraud where the attack is collateral and not direct, as here, *Weber v. Weber* (1952), 260 Wis. 420, 51 N. W. (2d) 18; *Hartenstein v. Hartenstein* (1963), 18 Wis. (2d) 505, 517, 118 N. W. (2d) 881, footnote 6.