TUSZKIEWICZ, Respondent, v. LEPINS and others, Appellants.

*No. 72. Argued November 26, 1968.—Decided December 20, 1968.*
(Also reported in 163 N. W. 2d 188.)

For the appellants John Tuszkiewicz and Northwestern National Insurance Company there was a brief by *Stanley F. Schellinger* of Milwaukee, joined in by *Ames, Riordan, Crivello & Sullivan* of Milwaukee, for Howard C. Lepins and the Travelers Indemnity Company, and

oral argument by *Mr. Schellinger* and *Mr. Frank T. Crivello.*

For the respondent the cause was submitted on the brief of *Donald R. Hunter* and *George E. Kunde,* both of Milwaukee.

HEFFERNAN, J. The respondent relies upon sec. 269.46 (1), Stats., which provides:

> "The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him obtained, through his mistake, inadvertence, surprise or excusable neglect . . . ."

The appellant contends that the trial court was without jurisdiction to vacate the order because more than one year had elapsed since the date of that order. The cases cited by appellant do not support his contention. He cites *Thorp Small Business Investment Corp. v. Gass* (1964), 24 Wis. 2d 279, 128 N. W. 2d 395, and *State Central Credit Union v. Bayley* (1967), 33 Wis 2d 367, 147 N. W. 2d 265. Each of these cases support the decision of the trial court and the position of the respondent. *Thorp* states, "The one year starts to run after *notice* of the judgment or order from which relief is sought." (Emphasis supplied.) *State Central Credit Union* states: ". . . under this statute the court is without jurisdiction to vacate a judgment . . . if more than one year has passed after *notice* of the judgment . . . ." (Emphasis supplied.)

In *Harris v. Golliner* (1940), 235 Wis. 572, 574, 294 N. W. 9, this court stated:

> "That a court is without jurisdiction to vacate a cognovit judgment more than a year after notice to the movant of its entry is held in *State ex rel. Gaudynski v. Pruss,* 233 Wis. 600 . . ., and cases therein cited."

In *Harris* the court pointed out that the period in which the court may act is limited to within a year

after the movant acquired knowledge of the order or judgment. In the instant case it is clear from the testimony elicited from Hunter that his first knowledge of the order of dismissal came in December of 1967. Thus, under the statute, the circuit court had jurisdiction to act until the anniversary date in 1968. Hunter's motion was made when less than two months of the year had elapsed, and the court vacated the order when only three months had passed after the movant's knowledge of the order of dismissal. The circuit court had jurisdiction to act. Neither the date of the order sought to be vacated nor the date of filing of a notice of entry of the order is relevant under this statute. The test is a purely subjective one—when did the moving party first have knowledge of the order or judgment? The year period commences to run from that date, and if the court acts to vacate the order or judgment within that year period, it acts within the jurisdiction granted by the statute.

Appellant contends, however, that no relief can be granted when the moving party failed to allege in his affidavit that he was moving within one year of the order of dismissal. He finds support for that argument in *Harris v. Golliner, supra,* page 576. Therein the court stated:

"It is clear that to be entitled to relief under the statute the movant must show that the statutory period had not elapsed. If the moving papers showed that more than a year had elapsed between the entry of the judgment and the making of the motion, but did not make any statement at all as to when the movant received notice of the judgment, the court would necessarily deny the motion . . . ."

A perusal of the *Harris Case* shows that the record consisted only of the movant's affidavit, and the rationale of *Harris* is clearly predicated not upon the technical omission of allegations in the affidavit, but rather upon a total failure of proof and the failure to supply any-

where in the record the jurisdictional facts. The court in *Harris* correctly stated, at pages 576, 577:

". . . the burden is on the movant to show affirmatively that notice of the judgment was received less than a year from the time of entry of the order deciding his motion."

Here that affirmative burden of proof was discharged when Hunter testified that he had received knowledge of the order less than two months prior to his application to vacate the order. While it would have been within the discretion of the court to have disregarded the affidavit in the absence of a prima facie showing on its face that the one-year period had not run, it did not abuse its discretion by ordering a hearing. The hearing so ordered elicited the facts that the affidavit omitted. From the record it is apparent that the plaintiff's application was timely made, and the order was vacated during the period in which jurisdiction was vested in the circuit court.

*By the Court.*—Order affirmed.