STATE EX REL. GREEN (HUBANKS), Appellant, v. WILLIAMS, Respondent.

*No. 19. Argued January 4, 1971.—Decided February 2, 1971.*
(Also reported in 183 N. W. 2d 37.)

For the appellant the cause was argued by *Gerald C. Kops,* assistant corporation counsel of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *Robert P. Russell,* corporation counsel.

For the respondent there was a brief by *Usow, Teper & Weiss* of Milwaukee, and oral argument by *Herbert L. Usow.*

BEILFUSS, J. The authority to open and amend or set aside the judgment entered on June 19, 1967, must be found in sec. 269.46 (1), Stats., which provides:

"The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding

against him obtained, through his mistake, inadvertence, surprise or excusable neglect . . . ."

It is clear under sec. 269.46 (1), Stats., that a court does not have the authority to open or vacate a judgment on the grounds enumerated in the statute if more than one year has passed after notice of the judgment to the party seeking relief.[1] It is also clear that the year does not commence running until the movant has notice or knowledge of the judgment.[2]

The appellant contends that the trial court was without jurisdiction to set aside the judgment because more than one year had elapsed since respondent had received notice of the judgment. Appellant argues that respondent had received notice of the judgment on October 9, 1967, during his interview with Mr. Love, and therefore the order to show cause dated January 24, 1969, and order entered on April 24, 1969, were not timely under the provisions of the statute. Respondent contends that he did not have notice of the judgment until January 15, 1969, after the jail commitment for failure to comply with the judgment had issued, and therefore his action to set aside the judgment was well within the statutory period.

There can be no doubt that the trial court recognized the crucial issue was a factual determination of when the defendant Williams had knowledge of the June, 1967, judgment. At the commencement of the evidentiary hearing on the motion, Judge MINOR stated, "Well, the question of fact would be whether or not he received notice."

A hearing ensued (on February 3 and 4, 1969) in which the defendant, Williams, and the trustee, Love, were examined extensively as to the nature of the con-

[1] *Thorp Small Business Investment Corp. v. Gass* (1964), 24 Wis. 2d 279, 128 N. W. 2d 395.

[2] *Tuszkiewicz v. Lepins* (1968), 41 Wis. 2d 102, 163 N. W. 2d 188.

versation between them and whether Love informed Williams of the judgment.

Unfortunately, the court did not make a finding on the vital question of whether Williams had notice for more than a year prior to the order opening the judgment.

The parties in their briefs and arguments seem to conclude the trial court made an implied finding that Williams did not have notice of the judgment until he was served with the commitment order, and that the issue now is whether that finding is against the great weight and clear preponderance of the evidence.

The principal purpose of the February, 1969, hearing was to determine when Williams received notice of the judgment.[3] The testimony of Williams clearly supports a finding that he did not have notice until January, 1969. The testimony of Love clearly supports a finding that Williams had notice of the judgment on October 9, 1967.

Where there is no dispute in the evidence or the evidence clearly preponderates in favor of one side, this court can probably imply a finding as to a crucial fact[4] but not in a case, such as this, where there is a sharp and irreconcilable conflict in the evidence. Our review of the evidence convinces us that a finding either way would not be against the great weight and clear preponderance of the evidence. Therefore a finding of fact must be made by the trial court based upon its evaluation of credibility of the witnesses and the weight of the evidence.

[3] While it is not at issue, we would have no difficulty in concluding that Williams has established excusable neglect as contemplated by the statute because of his age, his attorney's resignation, his incarceration and lack of notice of the hearing, and that the findings the trial court did make support this conclusion.

[4] *Walber v. Walber* (1968), 40 Wis. 2d 313, 319, 161 N. W. 2d 898; *Jacobs v. Jacobs* (1969), 42 Wis. 2d 507, 512, 167 N. W. 2d 238; *Lacey v. Lacey* (1970), 45 Wis. 2d 378, 173 N. W. 2d 142.

Because an essential or crucial factual finding has not been made, and because the evidence concerning it is in dispute, we believe it is necessary that the record be remanded to the trial court to make such finding. Upon remand Judge MINOR should reconsider the evidence and his recollection of the witnesses on the hearing of February 3 and 4, 1969, and make a finding as to whether the order setting aside the judgment was made within a year after Williams had notice of the judgment.

If Judge MINOR finds that the defendant Williams did have notice of the judgment of June 6, 1967, entered June 19, 1967, for more than one year prior to the order setting aside the judgment, the order setting aside the judgment and the judgment of January 26, 1970, shall be vacated and set aside and the judgment of June 6, 1967, entered June 19, 1967, shall be reinstated.

If Judge MINOR finds that the defendant Williams did not have notice of the judgment of June 6, 1967, entered June 19, 1967, for more than one year prior to the order setting aside the judgment, the judgment of January 26, 1970, shall be affirmed.

The defendant Williams further contends that the trial court had authority to reopen and set aside the judgment of June, 1967, under sec. 52.38 (1), Stats. We conclude this statute is not authority to set aside a paternity judgment. The statute was intended to and does provide for continuing jurisdiction to revise or alter the support money payments for the benefit of the child and not for the purpose of permitting a rechallenge to the finding of paternity.

*By the Court.*—The cause is remanded to the trial court for further proceedings consistent with this opinion. No appeal costs to be taxed.