ESTATE OF TOMCZAK: WALLACE, Appellant, v. CORONA, Administratrix, Respondent.

*No. 62.   Argued February 2, 1971.—Decided March 2, 1971.*
(Also reported in 184 N. W. 2d 103.)

For the appellant there was a brief and oral argument by *Larry J. Ratzel* of Milwaukee.

For the respondent there was a brief by *La France, Thompson, Greenquist, Evans & Dye,* attorneys, and *William J. H. Evans* and *Roger L. McManus* of counsel, all of Racine, and oral argument by *Mr. McManus.*

HEFFERNAN, J. The appeal and the proceedings brought by Mary Lou Wallace are founded upon sec. 318.08 (1), Stats., which provides:

> **"Remedy of creditors of nonresident heirs and legatees; service of citation.** (1) Whenever any legacy or distributive share of any estate belongs to any debtor who has absconded from or is a nonresident of this state, any of his creditors may petition to intervene in the probate proceedings to compel the application of said legacy or distributive share to the payment of his debt, and whenever it shall be necessary a citation to such debtor to appear at a time certain may be served by publication."

On the appeal, Mary Lou Wallace takes the position that the final judgment was in error and that the entire distributive share of Melvin J. Tomczak should have been applied to his indebtedness. The respondent administratrix points out that, on February 24, 1969, Judge SULLIVAN entered an order which provided that only the sums remaining in the hands of the administratrix were to be distributed to Melvin J. Tomczak and not his entire distributive share, of which a substantial portion had already been paid out. Respondent therefore concludes that, as between the parties, this order constituted the appealable order, apparently in the nature of an interlocutory judgment (sec. 274.09 (1),

Stats.), and that since a timely appeal was not taken from the order of February 24, 1969, this court is without jurisdiction to hear this appeal.

Appellant takes the position that the order of February 24, 1969, is an intermediate order, which involves the merits and necessarily affected the final judgment, and is therefore within the jurisdiction of the court to consider on appeal from the final judgment, as is provided by sec. 274.34, Stats.

We conclude that it is unnecessary for this court to consider the question of whether there is jurisdiction to entertain the appeal, since, from the uncontroverted facts of record, it appears that jurisdiction was never vested in the trial court and, as a consequence, these proceedings are void *ab initio*.

Both parties to this appeal rely on the terms of sec. 318.08 (1), Stats. 1967. This section was repealed by the 1969 Wisconsin legislature, with the effective date of the repeal to be April 1, 1971. It was, however, the controlling statute in these proceedings. That statute provides:

"Whenever any legacy or distributive share of any estate belongs to any debtor *who has absconded from or is a nonresident of this state,* any of his creditors may petition to intervene in the probate proceedings to compel the application of said legacy or distributive share to the payment of his debt . . . ." (Emphasis supplied.)

We have previously stated that garnishment (sec. 267.19 (3), Stats.) in the usual sense is not available to a creditor in these circumstances, since the funds are in *custodia legis.*[1] *Olson v. Gilbertson* (1941), 239 Wis. 241, 300 N. W. 918.

---

[1] *See* sec. 268.026, Stats., which provides that under certain circumstances the interests of an heir or legatee of an estate can be made subject to a receivership proceedings which may result in the transfer of the legatee's interest in an estate to satisfy the judgment of a creditor.

It is apparent that the power to interfere with the distribution or possession of funds in the hands of an officer of the court, as the administratrix is in this case, is conferred by the legislature upon a court only when there is full compliance with the jurisdictional requirements of the statute. Power is vested in the trial court under sec. 318.08 (1), Stats., to permit intervention in the distribution of funds for the benefit of a creditor only when there has been a proper recitation and, if necessary, proof of the jurisdictional facts required by the statute.

In this case, the petitioner failed to allege, as the statute requires, that Melvin had absconded from the state or that he was a nonresident of the state. In fact, the petition affirmatively alleged that he was a resident of the state of Wisconsin and that he had moved to many different areas of the state. On oral argument on this appeal, counsel for the appellant, in response to a question of the court, claimed that this was a mere inadvertent error and that the intention was to state that he resided without the state. Counsel seeks at this point to impeach the record, which demonstrates facts to the contrary. Moreover, the entire course of proceedings and the face of the record indicate that Melvin J. Tomczak was in fact within the state at the time of these proceedings, that he was personally served, and that he made at least three personal appearances.

The general rule followed by courts in this respect is summarized in 21 C. J. S., *Courts,* p. 156, sec. 101:

". . . where it appears from the record that the court was without jurisdiction, no presumption in favor of jurisdiction can be indulged, and the action of the court is void. When the record states the evidence or makes an averment showing a want of jurisdiction, it will not be presumed in support of the judgment that there was other or different evidence respecting the fact, or that the fact was otherwise than averred . . . ."

A very recent case decided in this court, *Estate of Hillery* (1970), 46 Wis. 2d 689, 176 N. W. 2d 376, pointed out that, when it appears to this court that there is not jurisdiction, it is the obligation of the court to act on that basis although none of the parties to the appeal have raised the issue. In *Heminway v. Reynolds* (1898), 98 Wis. 501, 74 N. W. 350, this court held that, in the absence of an affirmative showing on the record that notice had been given to interested parties in a probate proceeding or that such notice had been waived, the supreme court must determine that the probate court lacked jurisdiction. We stated therein at page 508:

". . . the requirements of the statute must be followed with a reasonable degree of strictness in the attempt to secure jurisdiction. Jurisdiction cannot be supported upon doubtful and uncertain inferences."

While the court in this case had subject matter jurisdiction under the statute, the averments and the proof of record were insufficient to trigger that jurisdiction. As a consequence, the order of the county court permitting intervention, the subsequent orders which applied a portion of Melvin J. Tomczak's distributive share of the estate to his support obligations, and the portion of the final judgment founded upon such petition were void and without jurisdiction. *See* Restatement, *Judgments,* p. 41, sec. 7. The jurisdictional defect goes to the power of the county court to deal with the subject matter of the petition, and such defect cannot be waived by the nonaction of the parties. *Mathie v. McIntosh* (1876), 40 Wis. 120; Restatement, *Judgments,* p. 45, sec. 7, comment d.

*By the Court.*—Judgment reversed and the proceedings are remanded to the county court for modifications consistent with this opinion.