IN MATTER OF ESTATE OF Frank P. GOLDSTEIN, Deceased: Max GOLDSTEIN, and another, Appellants, v. Jo Ann GOLDSTEIN, Respondent: FIRST NATIONAL BANK & TRUST COMPANY OF RACINE, Personal Representative, Defendant.

Supreme Court

*No. 77–031.    Argued September 11, 1979.—Decided October 9, 1979.*
(Also reported in 284 N.W.2d 88.)

For the appellants there were briefs by *David M. Quale, Terrence C. Thom, Armin I. Solomon,* and *Prosser, Wiedabach & Quale,* S.C., of Milwaukee, and oral argument by *Mr. Quale.*

For the respondent there was a brief by *Glenn R. Coates, Stephen J. Smith* and *Thompson & Coates, Ltd.,* of Racine, and oral argument by *Glenn R. Coates.*

COFFEY, J.   This is an appeal from an order of the probate court of Racine county dismissing a petition for relief from an order denying admission to probate of a second will of Frank P. Goldstein dated July 24, 1973.

Frank P. Goldstein (hereinafter the decedent) died testate on April 13, 1975. At the time of his death the decedent was survived by his second wife, Jo Ann,

and their two minor children, Jon and Dori, and two other minor children, Sari and Amber, the issue of his prior marriage.

After the decedent's death his wife learned that he had an attorney draft a new Will and Revocable Living Trust. The new estate plan was to replace his previous will executed and dated April 30, 1970, prior to the birth of his minor children by his second wife, Jo Ann.

The facts recite that on July 24, 1973 the decedent went to the attorney's office to execute both the new will and Trust Agreement and following a preliminary discussion of the documents, the attorney called his secretary in to assist him in witnessing the decedent's signing of the documents. According to his testimony he explained the terms and provisions of the Trust Agreement to the decedent and then had him sign the original and a duplicate original of the Trust. The attorney and his secretary witnessed the decedent's signing of the Trust Agreement and affixed their signatures thereto as witnesses. After the execution of the Trust Agreement the attorney handed the decedent the new will and asked him whether its provisions met with his approval and if he declared it to be his Last Will and Testament. The decedent voiced his approval and signed the original will. After the decedent signed the will the attorney affixed his signature as a witness. However, due to what has been characterized as either "confusion" or a "mistake of the moment" the attorney's secretary failed to sign the will. Thus, as a result of this error the Will of July 24, 1973 contained the signature of only one attesting witness.

On June 6, 1975 the decedent's widow, Jo Ann Goldstein, petitioned the Racine County Probate Court requesting that the decedent's Will dated April 30, 1970 be admitted to probate. In addition, she petitioned the court to have the document dated July 24, 1973 purporting to be a later will of the decedent, denied admission to

probate on the grounds that it was not executed in accordance with sec. 853.03, Stats., requiring the signatures of two witnesses.

The probate court set July 1, 1975 as the date for a hearing on the widow's petition. The petition sought: (1) the admission to probate of the will dated April 30, 1970; and (2) the denial to probate of the document dated July 24, 1973. Notice of the date set for hearing the widow's petition was given to all interested persons named in the petition by publishing a Notice in the Racine Journal Times and mailing a copy of the Order Setting Time to Prove the Will, a copy of the decedent's Last Will and Testament dated April 30, 1970 and a copy of the purported second will document dated July 24, 1973.

Following the July 1st hearing the Probate Court ordered:

1. that the decedent's Last Will and Testament dated April 30, 1970 be admitted to probate; and

2. that the document dated July 24, 1973 be denied admission to probate because ". . . the Court concludes that said document dated July 24, 1973 was not executed in accordance with the requirements set out in Section 853.03 of the Wisconsin Statutes."

No appeal was taken at that time from either of the court's orders.

On May 28, 1976, some eleven months after entry of the July 1, 1975 orders, Attorney Heft filed a petition in the Racine Probate Court as "one of the attorneys representing interested persons in the above entitled matter . . . ."[1] The petition sought relief from the Order issued by the Racine Probate Court denying admission to probate the document dated July 24, 1973 but failed to seek relief from the Order admitting the April 30, 1970

---

[1] The petition did not specify who were the interested parties which Attorney Heft represented.

will to probate. The hearing on the petition was scheduled for June 30, 1976.

At the hearing the court questioned the petitioner, Attorney Heft, as to whether all interested parties had been given notice of the hearing and thus the opportunity to appear. Following the questioning the court, not being satisfied that all interested parties had received notice of the hearing, ordered the hearing adjourned until August 11, 1976 and directed petitioner to give notice of the hearing to the other interested parties. However, before adjourning the June 30th hearing the court allowed the petitioner to present the testimony of the attorney who drafted the July 24, 1973 Will and Trust Agreement document, and his secretary, whose attesting signature was omitted from the will.

Subsequently, the petitioner mailed a notice of the adjourned hearing to each of the other interested parties named in the court's order.

At the time of the adjourned hearing on August 11, 1976 additional testimony was received regarding the 1973 will and an opportunity to cross-examine the witnesses was given to all parties present. At the conclusion of that hearing the court stated that it would allow ". . . 30 days for anyone to file any briefs or any other documents they wish to file. The Court will issue a written decision after that period of time."

On September 17, 1976 Jo Ann Goldstein, widow of the decedent, filed a motion for an order to dismiss Attorney Heft's petition. Jo Ann Goldstein based her motion for dismissal on the following grounds:

"(a) The petition fails to show the interest of the petitioner pursuant to Wis. Stats. 879.01,

"(b) The petition fails to disclose the names and addresses of all persons interested including minors and their guardians, pursuant to Wis. Stats. 879.01,

"(c) If the petitioner in fact claims to represent persons interested for whom some other attorney has al-

ready entered an appearance, he has failed to comply with Wis. Stats. 879.17, and he himself nonetheless continues to lack standing, as opposed to those persons themselves,

"(d) The petitioner failed to give notice to all persons interested pursuant to Wis. Stats. 879.03, of the petition and proceedings pursuant to it,

"(f) The court lacks jurisdiction of the subject matter of this petition, pursuant to Wis. Stats. 806.07."

A hearing on Jo Ann Goldstein's motion was held October 13, 1976.

On March 28, 1977 the probate court issued a written decision rejecting Attorney Heft's petition for relief from the court's order of July 1, 1975 denying probate of the will document dated July 24, 1973. In accordance with the court's written decision an Order and Judgment dismissing the petition was entered April 27, 1977. An appeal was taken from this Order.

*Issues*

1. Did the probate court have subject matter jurisdiction of the petition requesting relief from the July 1, 1975 order that denied admission to probate of the 1973 will of the decedent?

2. Did the alleged undisclosed "interested persons" referred to in Attorney Heft's petition have sufficient standing to allow the court to grant relief from the prior order denying probate to the purported 1973 will?

3. Did the court err when it denied admission to probate of the decedent's 1973 will because it only contained the signatures of the decedent and one witness, even though a second witness was present but failed to sign?

*Subject Matter Jurisdiction*

The appellants' petition in this case seeks relief only from the order of the probate court denying probate of the will dated July 24, 1973. Both the appellants and re-

spondents are of the opinion that sec. 806.07, Stats.,[2] of the new Code of Civil Procedure applies to this case and determines whether the court can grant relief as requested. The appellants cite sub. (1)(h) of 806.07, as the basis for their petition.

■

Supreme Court Order, 67 Wis.2d 726 (1975) adopted the new Code of Civil Procedure, including sec. 806.07, Stats. Sec. 801.01(3), sets out the effective dates of the new Code as follows:

"(a) Chapters 801 to 803 shall apply to all actions commenced on or after January 1, 1976.
"(b) Chapters 804 to 807 shall apply to all *actions pending or commenced on or after January 1, 1976, ex-*

---

[2] "806.07. **Relief from judgment or order.** (1) On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:
"(a) Mistake, inadvertence, surprise, or excusable neglect;
"(b) Newly-discovered evidence which entitles a party to a new trial under s. 805.15(3);
"(c) Fraud, misrepresentation, or other misconduct of an adverse party;
"(d) The judgment is void;
"(e) The judgment has been satisfied, released or discharged;
"(f) A prior judgment upon which the judgment is based has been reversed or otherwise vacated;
"(g) It is no longer equitable that the judgment should have prospective application; or
"(h) Any other reasons justifying relief from the operation of the judgment.
"(2) The motion shall be made within a reasonable time, and, if based on sub. (1)(a) or (c), not more than one year after the judgment or stipulation was made. A motion based on sub. (1) (b) shall be made within the time provided in s. 805.16. A motion under this section does not affect the finality of a judgment or suspend its operation. This section does not limit the power of a court to entertain an independent action to relieve a party from judgment, order, or proceeding, or to set aside a judgment for fraud on the court."

*cept those actions in which trial has commenced prior to January 1, 1976, as to which the statutes and rules in effect prior to January 1, 1976, shall continue to apply."* (Emphasis supplied.)

Thus, sec. 806.07, Stats., would only apply to actions *pending* or *commenced on or after January 1, 1976,* and therefore it would be inapplicable to any actions terminated prior to January 1, 1976. The term *action,* as defined in sec. 801.01 (1), includes special proceedings, such as probate. *See: Estate of Boerner,* 46 Wis.2d 183, 174 N.W.2d 457 (1969).

Probate is a series of special proceedings, including the determination of whether to admit a decedent's will to probate. Those probate proceedings are terminated by orders rather than by judgments. *Estate of Boerner, supra.* The probate court in this case entered two orders on July 1, 1975, one denying probate to the decedent's 1973 will and the other admitting to probate the prior will of 1970. The two orders entered by the court on July 1st *terminated* the special proceeding with respect to determining which of the decedent's wills to admit to probate. Since these two orders disposed of the question concerning which of the decedent's wills should be admitted to probate they precluded further hearing on this matter, therefore, we hold them to be *final orders* of the court. *Estate of Stoeber,* 36 Wis.2d 448, 153 N.W.2d 599 (1967). As a result, any question concerning the probating of the will in Estate of Goldstein was *terminated* by the court as of July 1, 1975. Thus, sec. 806.07, Stats., referred to in both parties' briefs, would not apply to this case because the special proceeding was neither pending nor commenced on or after January 1, 1976.

Prior to the adoption of sec. 806.07, Stats., the statutory provision dealing with the subject of relief from judgments and orders was sec. 269.46, Stats. 1973, which reads as follows:

"**Relief from judgments, orders and stipulations; review of judgments and orders.** (1) *The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him obtained through his mistake, inadvertence, surprise or excusable neglect* and may supply an omission in any proceeding. In addition to the required affidavits, all motions to vacate a judgment entered upon default or cognovit and to obtain a trial upon the merits shall be accompanied by a proposed verified answer disclosing a defense.

"(2) . . .

"(3) All *judgments and court orders may be reviewed by the court at any time within 60 days from service of notice of entry thereof,* but not later than 60 days after the end of the term of entry thereof." (Emphasis supplied.)

Sec. 269.46(3), Stats., provided that a court has 60 days within which it may review, without statutory limitation, any of its judgments or orders. The 60-day time limit is measured from the date of service of notice of entry of judgments or orders or the end of the court's term in which the order or judgment was entered. On the other hand, sub. (1) of 269.46, allowed the court to grant relief within a year from judgments or orders where mistake, inadvertence, surprise or excusable neglect were alleged and proven.

The petition filed on May 28, 1976 did not qualify for review under the 60-day time limit of sec. 269.46(3), Stats., as it was filed some eleven months after the date of entry of the order—July 1, 1975. The petition also failed to fulfill the one year time limitation period of sec. 269.46(1), as interpreted in *Estate of Sharp,* 63 Wis.2d 254, 217 N.W.2d 258 (1973). In that case the court reasoned that:

". . . The power to grant relief from such a final order more than sixty days after the end of the term of the court at which it was rendered is limited solely to cases of mistake, inadvertence, surprise or excusable neglect. *Loomis v. Rice* (1875), 37 Wis. 262; *Estate of Callahan*

(1947), 251 Wis. 247, 257, 29 N.W.2d 352; *Glassner v. Medical Realty, Inc.* (1964), 22 Wis.2d 344, 351, 126 N.W.2d 68; *Tuszkiewicz v. Lepins* (1968), 41 Wis.2d 102, 105, 163 N.W.2d 188. Since no such allegations were made, it was error to grant relief.

"Similarly, any action by the trial court under sec. 269.46(1), Stats., is limited to a period of one year after notice of the judgment or order. *Tuszkiewicz v. Lepins, supra.* After the passage of that period of time, the trial court is without subject matter jurisdiction to take any further action. [citations omitted]." *Id.* at 266.

The petition for relief in this case fails to allege mistake, inadvertence, surprise or excusable neglect as grounds for the relief sought. Thus, under the rationale of *Estate of Sharp, supra,* it would have been error, in this case, for the court to have reversed its prior ruling and granted relief from the order denying probate to the 1973 will. Therefore, we affirm the court's order dismissing the petition of Attorney Heft.

■ The court in *Kellogg-Citizens National Bank v. Francois,* 240 Wis. 432, 435, 3 N.W.2d 686 (1947) stated that under sec. 269.46, Stats., ". . . it is not enough that a motion be made within a year but the court must act within a year. [citations omitted]." In view of the holdings in *Kellogg-Citizens National Bank v. Francois, supra* and *Estate of Sharp, supra,* the probate court as of July 1, 1976 was without subject matter jurisdiction to even consider Attorney Heft's petition.

In view of our holding, the probate court was without subject matter jurisdiction to grant appellants' petition for relief. Thus, we need not decide the remaining issues raised in this case.

*By the Court.*—The appeal from the judgment of April 27, 1977 is dismissed. The orders of July 1, 1975 are affirmed.