IN the MATTER OF the ESTATE OF Alice MARTZ, Deceased: IXONIA STATE BANK, Petitioner,

v.

Isabel V. SCHUELKE, Respondent.

IXONIA STATE BANK, Plaintiff-Appellant,

v.

Myra Martz HUTH and John Martz, Defendants-Third Party Defendants,

v.

Isabel V. SCHUELKE, Defendant-Third Party Plaintiff-Respondent.

Court of Appeals

*No. 91-2090. Submitted on briefs August 5, 1992.—Decided August 26, 1992.*

(Also reported in 491 N.W.2d 772.)

89

On behalf of plaintiff-appellant, the cause was submitted on the briefs of *Thomas D. Georgeson,* of *Brendemuehl, Georgeson & Uber* of Oconomowoc.

On behalf of respondent, the cause was submitted on the brief of *William F. Hue,* of *Krek & Hue, S.C.* of Jefferson.

Before Nettesheim, P.J., Brown and Anderson, JJ.

ANDERSON, J. Ixonia State Bank (bank) appeals an order of the probate court[1] granting partial

---

[1] This case was brought by the bank as a civil action request-

summary judgment to Isabel Schuelke on her counterclaim against the bank for damages resulting from the bank's refusal to pay her funds from an account she held as a surviving joint tenant with the decedent, Alice Martz. The probate court held that survivorship title to the account vested in Schuelke and therefore the bank wrongfully withheld these funds from her. The probate court then held that the bank and third party defendants bear the costs and disbursements of the action equally. We conclude that the bank is not sheltered from liability pursuant to sec. 705.06(2), Stats., and that Schuelke was entitled to the summary judgment granted pursuant to sec. 802.08(6), Stats. Therefore, we affirm the probate court's order granting partial summary judgment to Schuelke, awarding costs to Schuelke to be divided equally between the bank and the third party defendants, and referring the case to the civil court for a determination of damages.

## FACTS[2]

In August 1987, Alice Martz (decedent) converted her money market savings account in the Ixonia State Bank from individual to joint survivorship and named

[2]The following facts were not a part of this decision as released on August 26, 1992. That version referred the reader to the facts in the companion case, *Ixonia State Bank v. Schuelke*, No. 91–2448, unpublished slip opinion (Wis. Ct. App. Aug. 26,

91

Schuelke as the other party to the account. On January 3, 1990, after the decedent's death on December 19, 1989, Myra Martz Huth petitioned the court for an informal administration of the decedent's estate. Schuelke was named the personal representative under the will, but declined to act. Huth and John Martz were then appointed as personal representatives pursuant to the consent of all parties. Also on January 3, the court ordered all claims against the estate to be filed by April 3, 1990 or be forever barred. On January 4, 1990, the personal representatives withdrew the full balance of $65,882.48 and closed the joint account.

The bank filed a civil action on June 12, 1990 against Schuelke and the personal representatives both personally and in their representative capacities. The complaint requested the court declare the interests of the parties and return of the proceeds until the court's decision was made. Schuelke counterclaimed for her loss caused by the bank's release of the funds to the personal representatives and cross-claimed against the personal representatives for conversion of those funds. The bank moved for summary judgment dismissing the counterclaim against it by Schuelke.

In the probate proceedings, the personal representatives moved for summary judgment requesting that Schuelke be barred from recovery for not filing a claim. The civil and probate matters were then consolidated.

In a written decision dated August 7, 1991, the circuit court determined that the personal representatives illegally converted the funds to which Schuelke was entitled. On September 5, 1991, the court granted summary judgment for Schuelke pursuant to sec. 802.08(6), Stats., and dismissed the bank's and personal representatives'

1992). Because only this case is being published, we have included the companion case's facts in this published version.

summary judgment motions. The bank and personal representatives filed notices of appeal, which were consolidated. This opinion addresses the bank's appeal only.

ORDER FOR CONSOLIDATION

The bank argues that the probate court lacked jurisdiction to render its decision because the consolidation was improper. It rests this conclusion upon a reading of sec. 805.05(1), Stats., which authorizes the consolidation of separate pending "actions." The bank asserts that the definition of "action," sec. 801.01(1), Stats., is defined only for chs. 801 to 847, Stats., which do not include an estate "administration." Therefore, as a consolidation under sec. 805.05(1) can occur only with two "actions," a civil "action" cannot be consolidated with an estate "administration."

The bank's argument has no merit. The Wisconsin Supreme Court has stated that the term "action," as defined in sec. 801.01(1), Stats., "includes special proceedings, *such as probate." In re Goldstein,* 91 Wis. 2d 803, 810, 284 N.W.2d 88, 91 (1979) (emphasis added). The bank started its suit as a special proceeding pursuant to sec. 806.04, Stats., the Uniform Declaratory Judgments Act. This special proceeding is included within the scope of the sec. 801.01(1) definition of "action." Because the case in probate is an "action" under *Goldstein,* the probate court had the power to consolidate it with the declaratory "action" in the civil court. As the appellants do not argue that the probate court abused its discretion in consolidating the two actions, we hold that the probate court's consolidation of the two actions was proper.

The bank moved for summary judgment against Schuelke's counterclaim. The probate court granted summary judgment to Schuelke pursuant to sec. 802.08(6), Stats. *See also Law Offices of Pangman & Assocs. v. Stigler,* 161 Wis. 2d 828, 831 n.2, 468 N.W.2d 784, 785 (Ct. App. 1991). The bank now challenges this grant of summary judgment.

The purpose of summary judgment is to avoid trial when there are no issues to be tried. *Johnson v. Minnesota Mutual Life Ins. Co.,* 151 Wis. 2d 741, 744, 445 N.W.2d 736, 736 (Ct. App. 1989). Summary judgment methodology has been described in many cases, such as *In re Cherokee Park Plat,* 113 Wis. 2d 112, 115–16, 334 N.W.2d 580, 582–83 (Ct. App. 1983), and we need not repeat it. In sum, summary judgment will be granted when there is no issue of material fact and the moving party is entitled to judgment as a matter of law. *Pangman,* 161 Wis. 2d at 834, 468 N.W.2d at 786. When reviewing the grant of a summary judgment motion, we are required to apply the standards of sec. 802.08, Stats., just as the trial court was to have applied them. *Clark v. Erdmann,* 161 Wis. 2d 428, 442, 468 N.W.2d 18, 23 (1991).

We first examine the pleadings to determine whether a claim has been stated and material factual issues presented. *Johnson,* 151 Wis. 2d at 744, 445 N.W.2d at 737.

The probate court, in an addendum to its initial decision,[3] clarified that it granted summary judgment to

[3]In an order dated May 21, 1992, this court remanded the record in this case to Judge Becker for a clarification of her initial decision dated July 24, 1991.

Schuelke upon her counterclaim in contract, and that claims were not stated by Schuelke for her counterclaims of negligence, conversion and replevin. The addendum makes clear that the trial court found the bank violated the terms of the contract pertaining to the joint account, not that the bank acted in any tortious manner.

On appeal, the bank does not dispute that Schuelke stated a claim and presented material issues of fact. Rather, the bank argues that it has made a *prima facie* case for summary judgment pursuant to sec. 802.08(2), Stats.; because the bank is entitled to "good faith" immunity under sec. 705.06, Stats.[4] It contends this statute is a complete defense to Schuelke's counterclaim.

The bank asserts that it had no reason to believe that a dispute existed as to the ownership of the balance

---

[4]Section 705.06, Stats., reads as follows:

**Protection of financial institutions. (1)** In accordance with the terms of an account, and subject to this subchapter, ch. 112 and s. 72.79 and unless otherwise ordered by a court of competent jurisdiction . . .:

. . ..

(b) Any sums in a joint account may be paid, on request, to any party without regard to whether any other party is under legal disability or is deceased at the time the payment is requested.

. . ..

**(2)** *Payment made under this subchapter discharges the financial institution from all claims for amounts so withdrawn.* If the institution has reason to believe that a dispute exists as to the rights of the parties to an account or their successors it may, but shall not be required to, refuse to pay funds in the account to any persons. An institution may but need not recognize the authority of an agent, other than one with continuing authority under s. 705.05(3), until it knows of the fact of death or adjudication of incompetence of all parties appointing such agent and has reasonable opportunity to act. The protection provided by this section shall have no bearing on the rights of parties or their successors in disputes concerning the beneficial ownership of funds in or withdrawn from an account. [Emphasis added.]

95

of the joint account and that it acted in good faith when it paid out the money to the co-personal representatives of the decedent's estate, Myra Martz Huth and John Martz. The bank's reasoning is that a co-personal representative is a "party" as defined in sec. 705.01(6), Stats.;[5] the co-personal representatives had a present right to the money because they represented the estate; the bank had no obligation to inquire if there was a dispute over ownership of the money; and the bank paid the proceeds to the co-personal representatives in good faith. Because we conclude co-personal representatives are not "parties" to joint accounts, we reject the bank's argument.

Under sec. 705.01(6), Stats., a "party" is a person who *by terms of the account* has a *present right* to payment. The account in question here is a joint account. When one of the parties dies, the terms of the account clearly provide that thereafter only the surviving party has a present right to the account. Although the co-personal representatives represent the estate, they can claim only as much of an interest in the account as the estate can. Because the estate has no interest in the account, the co-personal representatives also do not have an interest.

The terms of the joint account also track the language of sec. 705.04(1), Stats.,[6] which establishes the

---

[5]Subsection (6) of sec. 705.01, Stats., reads as follows:

"Party" means a person who, *by the terms of an account,* has a *present right,* subject to request, *to payment* therefrom other than as agent. . . . Unless the context indicates otherwise, "*party*" *includes* a guardian, conservator, *personal representative,* or assignee, including an attaching creditor, of a party. [Emphasis added.]

[6]The relevant portion of sec. 705.04(1), Stats., reads as follows:

*Sums remaining on deposit at the death of a party to a joint account*

right of survivorship. This statute provides that sums remaining in a joint account after one party dies *belong* to the surviving party, not the estate.

Section 705.06, Stats., provides immunity to the bank only if sums are paid to a "party" to the joint account. Because a personal representative is not a "party" to the account, the bank is not entitled to immunity for disbursing the funds of the joint account to the co-personal representatives.

██ The bank also argues that the probate court erred by concluding that there were no disputed material issues of fact. Although it admits that it did not dispute any facts in Schuelke's counterclaim, the bank's motion for summary judgment asked the court to find as a matter of law under ch. 705, Stats., that it did not *wrongfully* pay the funds to the co-personal representatives. Because these concerns of the bank relate only to the tort causes of action which were not a basis for Schuelke's summary judgment, we conclude that there was no error in the probate court's decision that there were no disputed material issues of fact.

## COSTS

██ Lastly, the bank appeals the portion of the probate court's decision which awarded costs to Schuelke on her counterclaim. The awarding of costs is within the discretion of the probate court pursuant to sec. 814.02(2), Stats. Both the request for a declaratory judgment and the probate proceedings are "special proceedings" within the scope of sec. 814.02(2). *See* secs. 801.01(1) and

---

*belong to the surviving party or parties as against the estate of the decedent* unless there is clear and convincing evidence of a different intention at the time the account is created. [Emphasis added.]

806.04, Stats.; *see also Goldstein,* 91 Wis. 2d at 810, 284 N.W.2d at 91. Section 814.02(2) does not require a showing of bad faith on the part of the losing litigant, only that such costs be "reasonable and just." In light of this standard and after a review of the record, it cannot be said that the probate court abused its discretion in the awarding of costs to Schuelke.

*By the Court.*—Order affirmed.