COURT OF APPEALS
DECISION
DATED AND FILED

May 6, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP606**

**STATE OF WISCONSIN**

Cir. Ct. No. **2022CV244**

**IN COURT OF APPEALS
DISTRICT III**

---

KENNETH C. GRISSMAN AND PATRICIA M. GRISSMAN,

PLAINTIFFS-RESPONDENTS,

V.

ESTATE OF JOHN H. BOETTCHER,

DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Marinette County: JAMES A. MORRISON, Judge. *Affirmed in part; reversed in part and cause remanded with directions*.

Before Stark, P.J., Hruz, and Gill, JJ.

¶1 STARK, P.J. The Estate of John H. Boettcher (the Estate) appeals from an order of the circuit court granting summary judgment to Kenneth C. and

Patricia M. Grissman.[1]  The Grissmans filed this action seeking a declaratory judgment that they own unimproved real property in Marinette County (the property), titled in Boettcher's name, by adverse possession, pursuant to WIS. STAT. § 893.25 (2023-24).[2]  The parties filed cross-motions for summary judgment, with the Estate moving to dismiss the action as barred by the statute of limitations set forth in WIS. STAT. § 893.93(1)(c).

¶2      At a hearing on the motions, the circuit court stated that it would afford the Estate more time for discovery *after* it rendered a decision on the Estate's motion to dismiss on summary judgment.  Despite that statement, the court subsequently denied the Estate's motion and immediately thereafter granted the Grissmans' motion by written order.

¶3      For the reasons that follow, we conclude that the circuit court properly denied the Estate's motion to dismiss on summary judgment, and we affirm the court's decision on that basis.  We conclude, however, that the Estate was denied due process when the court granted the Grissmans' motion without notice and further opportunity to be heard.  Therefore, we reverse on that basis and remand for further proceedings on the Grissmans' motion for summary judgment.

## BACKGROUND

¶4      For purposes of this appeal, the facts are not in dispute.  When Boettcher died on April 19, 1989, the property was titled in his name; however, no

---

[1] For ease of reading, we will refer to Kenneth and Patricia collectively as "the Grissmans" throughout this decision.  Given that the parties share a surname, we will also, at times, refer to Kenneth by his first name.

[2] All references to the Wisconsin Statutes are to the 2023-24 version.

action was taken to open a probate proceeding with respect to Boettcher's estate in the period immediately following his death, nor was ownership of the property otherwise transferred to Boettcher's heir(s). According to the Estate, it appears that none of Boettcher's heir(s) were aware that he owned the property.

¶5 The property is adjacent to real property purchased by the Grissmans in December 1986. While we need not outline the Grissmans' specific assertions with regard to the elements of their adverse possession claim for purposes of this appeal, they allege that they began their ongoing, uninterrupted, and continuous use of the property "sometime between 1987 and 1988."

¶6 On August 16, 2022, the Grissmans filed a Petition for Special Administration in Marinette County Case No. 2022PR66, requesting appointment of a special administrator for the purpose of receiving service of their summons and complaint for adverse possession. Attorney Bruce Tammi—a "named heir" of Boettcher—objected, arguing that a formal probate administration with the appointment of a personal representative was required to represent the interests of the Estate. The probate court agreed, subsequently denied the Petition for Special Administration, and approved Tammi's request to be appointed personal representative of the Estate.[3]

¶7 On November 1, 2022, the Grissmans filed a complaint in the circuit court against the Estate, seeking a declaratory judgment stating that they owned the property by adverse possession, pursuant to WIS. STAT. § 893.25. The parties filed cross-motions for summary judgment. The Estate sought dismissal of the

---

[3] According to the Estate, the Grissmans then filed a claim for $13,494.20 against the Estate, which they argued constituted the real estate taxes that they had paid on the property.

Grissmans' complaint, arguing that the six-year statute of limitations set forth in WIS. STAT. § 893.93(1)(c) barred the Grissmans' claim and that the probate court had exclusive jurisdiction to determine this question. The Grissmans sought summary judgment on their claim, asserting that "[t]he undisputed, material, evidentiary facts show that [they] ha[d] obtained valid title of the [p]roperty by adverse possession."[4]

¶8     The circuit court held a nonevidentiary hearing on the motions. During questioning by the court, the Estate conceded that it was unable to locate a case interpreting WIS. STAT. § 893.93 and applying it in this context. The Estate further admitted that this was a "pretty unique case." After hearing argument from the parties, the court ruled that it had jurisdiction over this case, but it thought that the Grissmans' claim might have been barred by the statute of limitations. The court granted the parties ten days to locate additional cases or statutory definitions to help the court determine if and how § 893.93 applied to this case. The court also stated on the record that if it decided that the adverse possession claim was *not* barred by the statute of limitations, the Estate would be given time to submit additional evidence before the court considered the Grissmans' motion for summary judgment. Thereafter, the Estate filed a supplemental brief in support of its argument regarding the statute of limitations.

¶9     Ultimately, the circuit court rejected the Estate's statute of limitations and jurisdiction arguments and granted the Grissmans' motion for

---

[4] The Grissmans' motion was supported by Kenneth's affidavit as well as interrogatory responses from the Estate.

summary judgment by written order without providing the Estate with any opportunity to submit additional evidence. The Estate appeals.[5]

## DISCUSSION

¶10    On appeal, the Estate challenges the circuit court's decision on four grounds. First, the Estate argues that the Grissmans' adverse possession claim is barred by the statute of limitations in WIS. STAT. § 893.93(1)(c). Second, the Estate asserts that the probate court had sole subject matter jurisdiction over the Grissmans' claim. Third, the Estate contends that it was denied due process when the circuit court granted the Grissmans' motion for summary judgment without providing an opportunity for the Estate to submit additional evidence. Fourth and finally, the Estate contends that the evidence was insufficient to support the Grissmans' motion for summary judgment.

¶11    For the reasons that follow, we reject the Estate's first two grounds and affirm the circuit court's decision to deny the Estate's motion for summary judgment. However, we reverse the court's decision on the third ground based on a lack of due process and remand for further proceedings on the Grissmans' summary judgment motion. As a result, we do not reach the Estate's fourth ground.

---

[5] We pause here to note the Estate's failure to comply with many of the Rules of Appellate Procedure. The Estate entirely neglected to include in its brief-in-chief "a statement of facts relevant to the issues presented for review, with appropriate references to the record," as required by WIS. STAT. RULE 809.19(1)(d). While the Estate's brief-in-chief contains the required statement of the *case*, the Estate either incorrectly combined these dual requirements or completely omitted the statement of facts. *See* RULE 809.19(1)(d). As a high-volume appellate court, we expect briefing by an attorney to follow the basic Rules of Appellate Procedure. We caution counsel that future violations of the Rules of Appellate Procedure may result in sanctions. *See* WIS. STAT. RULE 809.83(2).

¶12    Adverse possession is a legal doctrine whereby a person may acquire title to real property by occupying it for an uninterrupted period of 20 years. *See* WIS. STAT. § 893.25(1).   Under § 893.25(2), the land must be "actually occupied" and "[p]rotected by a substantial enclosure" or "[u]sually cultivated or improved."   To meet these requirements, "the use of the land must be open, notorious, visible, exclusive, hostile and continuous, such as would apprise a reasonably diligent landowner and the public that the possessor claims the land as his [or her] own."   *Pierz v. Gorski*, 88 Wis. 2d 131, 137, 276 N.W.2d 352 (Ct. App. 1979).  "If the claimant's use gives the titleholder reasonable notice that the claimant is asserting ownership and the titleholder does nothing, that failure to respond may result in losing title."  *Steuck Living Tr. v. Easley*, 2010 WI App 74, ¶17, 325 Wis. 2d 455, 785 N.W.2d 631.

¶13    This case is before us on cross-motions for summary judgment.  We independently review a grant of summary judgment, using the same methodology as the circuit court.  *Hardy v. Hoefferle*, 2007 WI App 264, ¶6, 306 Wis. 2d 513, 743 N.W.2d 843.  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  WIS. STAT. § 802.08(2).  "We [also] independently review questions of subject matter jurisdiction and competency."  *City of Eau Claire v. Booth*, 2016 WI 65, ¶6, 370 Wis. 2d 595, 882 N.W.2d 738.  The same is true for the question of whether a statute of limitations bars a claim.  *Laughland v. Beckett*, 2015 WI App 70, ¶15, 365 Wis. 2d 148, 870 N.W.2d 466.

¶14    Within this case, we have also been asked to interpret the meaning of a statute, which is a question of law that we review de novo.  *See Waity v.*

*LeMahieu*, 2022 WI 6, ¶18, 400 Wis. 2d 356, 969 N.W.2d 263. "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.' Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (citations omitted). In addition, "statutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶46. We look for compatibility, not for conflict. "It is a cardinal rule of statutory construction that conflicts between different statutes, by implication or otherwise, are not favored and will not be held to exist if they may otherwise be reasonably construed." *Tamminen v. Aetna Cas. & Sur. Co.*, 109 Wis. 2d 536, 544, 327 N.W.2d 55 (1982) (citation omitted).

## I. WIS. STAT. § 893.93(1)(c)

¶15 The Estate's first argument is that the Grissmans' adverse possession claim is barred by the statute of limitations set forth in WIS. STAT. § 893.93(1)(c) "because [the claim] was not filed within 6 years of when it accrued." Section 893.93(1)(c) provides as follows:

> (1) The following actions shall be commenced within 6 years after the cause of action accrues or be barred:

> (c) An action upon a claim, whether arising on contract or otherwise, against a decedent or against a decedent's estate, unless probate of the estate in this state is commenced within 6 years after the decedent's death.

¶16    According to Kenneth's affidavit, the Grissmans' uninterrupted use of the property began, at the latest, in 1988, meaning that their adverse possession claim would have accrued 20 years later—in 2008.  The Estate therefore argues that WIS. STAT. § 893.93(1)(c) required the Grissmans to bring their adverse possession action against the Estate between 2008 and 2014.  It is undisputed, however, that the Grissmans did not bring this action until 2022.  In support of its position, the Estate quotes dictionary definitions of the terms "claim," "claim of ownership," and "accrue."

¶17    In contrast, the Grissmans argue that the "adverse possession lawsuit was not 'an action upon a claim' against the Estate—what they sought and received from the circuit court was a determination of the rights of the parties with respect to a particular tract of land."  According to the Grissmans, the Estate's argument ignores the command in *Kalal* that "[s]tatutory language is read where possible to give reasonable effect to every word, in order to avoid surplusage," *see **Kalal***, 271 Wis. 2d 633, ¶46, because "[t]he Estate would read WIS. STAT. § 893.93(1) as if it said simply that 'claims' against a decedent's estate must be filed within 6 years after the decedent's death—and interpret claims as causes of action—but that is not what the statute says."  The Grissmans assert that there is no doubt that they "filed an action for declaratory judgment, but their declaratory judgment was not 'an action upon a claim' against the Estate, because the adverse possession suit sought nothing from the Estate; it sought an adjudication of rights to property."

¶18    Based on the absence of any legal authority in support of the Estate's position, as well as this court's lack of success in uncovering any applicable case law during its independent investigation, we conclude that the question of whether the six-year statute of limitations in WIS. STAT. § 893.93(1)(c) applies to adverse

possession claims under WIS. STAT. § 893.25 is an issue of first impression. Given that, we are not persuaded by the Estate's general reliance on dictionary definitions in support of its position. While we do not disagree that the Grissmans' action for adverse possession fits the general definition of a "claim," *see Claim*, BLACK'S LAW DICTIONARY (12th ed. 2024) ("The assertion of an existing right; any right to payment or to an equitable remedy, even if contingent or provisional."), that fact does not resolve this case.

¶19    First, the Estate seems to misunderstand the law of adverse possession. "Adverse possession is a legal action that enables a party to obtain valid title of another's property *by operation of law*." **Wilcox v. Estate of Hines**, 2014 WI 60, ¶19, 355 Wis. 2d 1, 849 N.W.2d 280 (emphasis added). It does so because once the required elements are satisfied, ownership automatically vests in the adverse possessor, regardless of whether or not an adverse possessor obtains a court ruling to that effect. *See id.*; WIS. STAT. § 893.25(1) (stating that "[a]n action for the recovery or the possession of real estate and a defense or counterclaim based on title to real estate are barred by uninterrupted adverse possession of 20 years").

¶20    An adverse possessor "*may* commence" a quiet title action, wherein a court confirms that the adverse possessor has legal title to the property at issue. WIS. STAT. § 893.25(1) (emphasis added); *see also* WIS. STAT. ch. 841 (Declaration of Interest in Real Property). However, that is merely the method by which the adverse possessor formalizes ownership of the property. Thus, in that way, § 893.25(1) is already a statute of limitations, but the limitation is placed on the ability of the nonpossessor—here, the Estate—to file an action for recovery or possession of the real property or to assert ownership of the real property as a defense or counterclaim.

¶21    Second, WIS. STAT. § 893.33(2) "is the statute of limitations governing" actions under WIS. STAT. § 893.25.  ***O'Kon v. Laude***, 2004 WI App 200, ¶10, 276 Wis. 2d 666, 688 N.W.2d 747.  As we explained in ***O'Kon***, § 893.33(2)

> bars an action affecting the possession or title of any real estate which is founded upon any event occurring more than thirty years prior to the date of the commencement of the action unless within that thirty years there is an instrument or notice of claim recorded with the register of deeds.  However, this limitations period is subject to an owner-in-possession exception set forth at subsec. (5). [Section 893.33(5)] provides: "[The thirty-year recording requirement] does not apply to any action commenced … by any person who is in possession of the real estate involved as owner at the time the action is commenced."

The "use of the term 'owner' in the owner-in-possession exception [in § 893.33(5)] was intended to include those who own by adverse possession," but to determine whether a plaintiff qualifies for the exception, a court must determine the validity of the plaintiff's adverse possession claim.  ***O'Neill v. Reemer***, 2003 WI 13, ¶¶28, 36-37, 259 Wis. 2d 544, 657 N.W.2d 403.

¶22    In this case, assuming the Grissmans have met the required elements of adverse possession, ownership of the property vested in them by operation of law in 2008, and they were not *required* to file any action at all under WIS. STAT. §§ 893.25 or 893.33 based on the accrual of their claim in 2008.  Therefore, it would create a conflict in the statutes to conclude that WIS. STAT. § 893.93(1)(c) required that an action be filed within six years, as that would essentially read out the thirty-year recording requirement and owner-in-possession provision under certain circumstances, which are not specifically identified in the statute. *See **Tamminen***, 109 Wis. 2d at 544.

¶23 Furthermore, WIS. STAT. §§ 893.25, 893.33, and 893.93 were all subject to significant revision and restructuring under 1979 Wis. Act 323, § 28, which "repeal[ed] and recreate[d] chapter 893." A fundamental tenet of statutory construction is "that the specific statute will control over the general" statute. *State ex rel. Lank v. Rzentkowski*, 141 Wis. 2d 846, 853, 416 N.W.2d 635 (Ct. App. 1987); *see also Dunn v. Wieman Realty Co.*, 247 Wis. 268, 271, 19 N.W.2d 248 (1945) (applying this principle in cases involving statutes of limitations). There is no indication in the statutory language that the general limits on "[m]iscellaneous actions" in § 893.93(1)(c) were meant to overrule or serve as an exception to the specific statute of limitations for adverse possession actions set by §§ 893.25 and 893.33. Therefore, § 893.93(1)(c) has no application in this case.

¶24 Third, we agree with the Grissmans that an action to quiet title based on adverse possession is not "[a]n action upon a claim … against a decedent or against a decedent's estate." *See* WIS. STAT. § 893.93(1)(c). Instead, we conclude that an action based on adverse possession is an action in rem. *See* WIS. STAT. §§ 801.04, 801.07. An action in rem is "[a]n action to determine the title to property and the rights of the parties, not merely among themselves, but also against all persons at any time claiming an interest in that property; a real action." *See Action in rem*, BLACK'S LAW DICTIONARY (12th ed. 2024); *see also Action in personam*, BLACK'S LAW DICTIONARY (12th ed. 2024) ("An action brought against a person rather than property."). In other words, an adverse possession action does not involve filing a claim against a decedent or a decedent's estate. Instead, it is a claim to property title, and the adverse possessor is essentially asserting ownership against the true owner (or their heirs). It is the Estate's "action for the recovery or the possession of real estate" that is barred by WIS.

STAT. § 893.25(1), not the other way around. By operation of § 893.25(1), the Estate lost its interest in the property in 2008, and, accordingly, the Grissmans' action seeks neither to take from nor add to the Estate.

## II. Jurisdiction

¶25 The Estate's second argument is that the probate court had sole subject matter jurisdiction over the Grissmans' claim for adverse possession. According to the Estate, "[o]ur rules of civil procedure require that a court may only hear a case over which it has subject matter jurisdiction."[6] As noted above, the probate court ordered a corresponding formal probate administration of Boettcher's estate, in which the Grissmans filed a claim for real estate taxes paid on the property. The Estate argues that "[t]he Grissmans have filed separate and contradictory claims in the [circuit] court and in the probate court" and that "these contradictory claims [should] be tried together by a single court."

¶26 As an initial matter, our supreme court has explained that "[c]ircuit courts in Wisconsin are constitutional courts with general original subject matter jurisdiction over 'all matters civil and criminal.'" WIS. CONST. art. VII, § 8. Accordingly, a circuit court is never without subject matter jurisdiction." ***Booth***,

---

[6] The Estate cites WIS. STAT. § 901.04(1) for this proposition, which is a section addressing questions of admissibility of evidence generally. We presume that the Estate intended to cite WIS. STAT. § 801.04(1), which states, in pertinent part:

> [a] court of this state may entertain a civil action only when the court has power to hear the kind of action brought. The power of the court to hear the kind of action brought is called "jurisdiction of the subject matter." Jurisdiction of the subject matter is conferred by the constitution and statutes of this state and by statutes of the United States; it cannot be conferred by consent of the parties.

370 Wis. 2d 595, ¶12 (quoting *Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶1, 273 Wis. 2d 76, 681 N.W.2d 190).[7]

¶27   The Estate, however, cites WIS. STAT. § 753.03,[8] which states, generally, that "[t]he circuit courts have the general jurisdiction prescribed for them by article VII of the constitution" and "have power to hear and determine, within their respective circuits, all civil and criminal actions and proceedings *unless exclusive jurisdiction is given to some other court*."   (Emphasis added.) The Estate also references WIS. STAT. § 851.04's definition of "[c]ourt" to mean "the circuit court or judge assigned to exercise probate jurisdiction."   Relying on these authorities, the Estate asserts that "unless otherwise excepted by the Wisconsin Statutes, a case, claim, or cause of action against an estate may only be heard and decided by the court assigned probate jurisdiction over the estate administration."

---

[7] Nevertheless, our supreme court has also explained that

A circuit court's ability to exercise its subject matter jurisdiction in individual cases, … may be affected by noncompliance with statutory requirements pertaining to the invocation of that jurisdiction.  The failure to comply with these statutory conditions does not negate subject matter jurisdiction but may under certain circumstances affect the circuit court's competency to proceed to judgment in the particular case before the court.  A judgment rendered under these circumstances may be erroneous or invalid because of the circuit court's loss of competency but is not void for lack of subject matter jurisdiction.

*Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶2, 273 Wis. 2d 76, 681 N.W.2d 190.

[8] We note that the Estate actually cites WIS. STAT. § 801.04 in its reply brief.  Based on its quotation of the statute, however, we presume that the Estate intended to cite WIS. STAT. § 753.03.

¶28     We disagree with the Estate that this adverse possession action may only be heard and decided by a probate court.  First, the Estate fails to cite any statutory authority stating that the probate court has "exclusive jurisdiction" over this case.  We were also unable to uncover any authority stating that the probate court has exclusive jurisdiction under this unique circumstance.  *But cf.* WIS. STAT. § 701.0203 ("The circuit court assigned to exercise probate jurisdiction has exclusive jurisdiction of proceedings in this state brought by a trustee, trust protector, directing party, or beneficiary concerning the administration of a trust."); WIS. STAT. § 938.028(3)(b) ("An Indian tribe shall have exclusive jurisdiction over any Indian juvenile custody proceeding involving an Indian juvenile who resides or is domiciled within the reservation of the tribe …."); WIS. STAT. § 755.045(1) ("A municipal court has exclusive jurisdiction over an action in which a municipality seeks to impose forfeitures for violations of municipal ordinances of the municipality that operates the court ….").

¶29     Instead, the Estate relies on its review of WIS. STAT. ch. 859 to conclude that "[t]he provisions and procedures of Wisconsin Statutes Chapter 859 would be rendered largely meaningless if any claim against an estate could be adjudicated by any civil court having personal jurisdiction over the claim."  In particular, the Estate observes that "[a] declaratory judgment action for adverse possession is not a case specifically exempted" under WIS. STAT. § 859.02(2)(a), which lists the types of claims that are not barred if the claim is not filed on or before the date set under WIS. STAT. § 859.01.  According to the Estate, "[t]he clear intent of the probate statutes is, that unless excepted by § 859.02, the court assigned probate jurisdiction has sole subject matter jurisdiction over claims and actions against a decedent once a probate administration is commenced," and

14

because an adverse possession claim is not exempted from the jurisdiction of the probate court, the probate court has exclusive jurisdiction.

¶30 As the Grissmans argue, and we agree, nothing in WIS. STAT. ch. 859, or WIS. STAT. §§ 859.01 or 859.02 in particular, states that an adverse possession action must be resolved by the probate court merely because an estate is involved in the suit. Section 859.02 sets forth "[l]imitation[s] on claims" against an estate, and the statute primarily addresses the time in which a claim against an estate must be filed. The statute does not state that probate proceedings are the sole place where an adverse possession action involving an estate may be adjudicated.[9] Nor does case law support this conclusion. As the Grissmans identify, in *Wilcox*, the plaintiffs brought a claim for title by adverse possession under WIS. STAT. § 893.25 in the circuit court against two estates that owned the land. *Wilcox*, 355 Wis. 2d 1, ¶11. While the issue in that case was whether the plaintiffs satisfied the requirements of adverse possession, our supreme court did not assert that the circuit court *did not* have subject matter jurisdiction over the case because the land in dispute was owned by an estate.

¶31 In support of its position, however, the Estate cites *Ixonia State Bank v. Schuelke*, 171 Wis. 2d 89, 491 N.W.2d 772 (Ct. App. 1992). In *Schuelke*, the decedent had converted her money market savings account in Ixonia State Bank from individual to joint survivorship and named Isabel Schuelke as the other party on the account. *Id.* at 91-92. After the decedent's death, the personal representatives of her estate withdrew the full balance and closed the account. *Id.*

---

[9] There is also no language in the Uniform Declaratory Judgments Act that supports the Estate's claim that a declaratory judgment action involving an estate must be heard in probate proceedings. *See* WIS. STAT. § 806.04.

at 92. The bank then filed a civil action seeking a declaratory judgment as to the interests of the parties to the account and return of the proceeds. *Id.* The civil and probate matters were then consolidated. *Id.* The court determined that the personal representatives had illegally converted the funds in the account and that Schuelke was entitled to those funds. *Id.*

¶32 On appeal before this court, the bank argued, as relevant to this appeal, that the probate court lacked jurisdiction to render its decision because the consolidation was improper. *Id.* at 93. Relying on WIS. STAT. § 805.05(1), which authorized separate pending "actions" to be consolidated, the bank argued that the definition of "action" did not include an estate "administration." *Schuelke*, 171 Wis. 2d at 93. This court disagreed, observing that our supreme court had stated that "action" "includes special proceedings, *such as probate*." *Id.* (quoting *Goldstein v. Goldstein*, 91 Wis. 2d 803, 810, 284 N.W.2d 88 (1979)). According to the Estate, both this case and *Schuelke* involved a judicial determination of who owns property titled in the name of the decedent, and *Schuelke* states that the probate court, not the civil court, should be the court to consider the adverse possession claim here.

¶33 We disagree with the Estate that *Schuelke* requires a specific result here. First, *Schuelke* is materially factually distinguishable from this case because it did not involve an adverse possession claim; instead, *Schuelke* involved the specific actions of the personal representatives of the decedent's estate and sought to remove funds from that estate. Here, the Grissmans claim to have acquired ownership of the property by operation of law and seek to quiet the title to the property they own—as noted above, their claim is not against the Estate or its assets.

¶34    Second, the *Schuelke* court's conclusion that consolidation of the probate proceedings with the civil action was proper is not equivalent to a holding that consolidation is *required* or that the probate court has *sole* subject matter jurisdiction.  As the Grissmans argue, "[t]he fact that the probate court has the power to rule on a declaratory judgment action does not mean that the probate court is the only court that has the power to rule on a declaratory judgment action, which is the issue raised by this appeal."

¶35    Finally, as we noted above, this case represents a unique situation, and the Estate has not presented any legal authority unequivocally stating that the circuit court did not have subject matter jurisdiction in this case.  In fact, all of the authority cited suggests that the court always has subject matter jurisdiction.  If we assume that the Grissmans are able to establish all of the required elements of adverse possession, then the property's ownership would have transferred to the Grissmans in 2008, the Estate would have been barred from filing an action or asserting as a defense that it owned title to the property, and there would have been nothing for the probate court to administer.  And if the Grissmans cannot establish the elements required to show that they adversely possessed the property, their claim for taxes paid will proceed in the probate court.

¶36    Thus, the Estate is incorrect to argue that the Grissmans' suit for a declaratory judgment based on adverse possession could only be adjudicated during probate proceedings in the probate court or, relatedly, that the circuit court erred by assuming concurrent jurisdiction.

**III. Due Process**

¶37    The Estate's third argument is that it was denied due process based on the manner in which the circuit court conducted the process for hearing the

cross-motions for summary judgment. "The fundamental requirements of procedural due process are notice and an opportunity to be heard." *Sweet v. Berge*, 113 Wis. 2d 61, 64, 334 N.W.2d 559 (Ct. App. 1983). "[I]n order to satisfy due process requirements, the notice must be 'reasonable,' i.e. reasonably calculated to inform the person of the pending proceeding and to afford the person an opportunity to object and defend his or her rights." *Schramek v. Bohren*, 145 Wis. 2d 695, 706, 429 N.W.2d 501 (Ct. App. 1988).

¶38 At the hearing on the cross-motions for summary judgment, the circuit court first found that it had jurisdiction over the Grissmans' adverse possession claim. It then spent the majority of the hearing discussing the Estate's argument on summary judgment seeking dismissal of the Grissmans' claim on statute of limitations grounds. After hearing arguments from the parties, the court gave the parties ten days to provide additional written submissions on the statute of limitations issue, and it stated that it would "make a decision on the statute of limitations after" it received those submissions. The Grissmans then clarified with the court whether it was "reserving ruling on [their summary judgment] motion." The court responded,

> I am…. because [the Estate] has said, "I haven't even begun to develop whether I have any contrary affidavits." So, let's get a decision on [the statute of limitations issue] and then … I'm going to want to consider [the Grissmans'] motion and at that point you're going to have to tell me what evidence you think you can raise because right now the record seems to indicate there's no genuine issue of material fact.

¶39 The Estate filed a supplemental brief in support of its statute of limitations argument. The Grissmans filed nothing in addition to their earlier submissions. Then, without any further request for evidence or argument from the parties, the circuit court entered a written decision and order granting the

Grissmans' motion for summary judgment and declaring that the Grissmans had acquired the property by adverse possession. In the decision, the court specifically stated that it had "considered and [had] already denied" the Estate's motion for summary judgment "on the record at the hearing."

¶40    The Estate argues that it was blindsided by the circuit court deciding the Grissmans' motion for summary judgment while it was awaiting a decision on its own motion. While it is undisputed that the Estate's posthearing submission did not address Kenneth's affidavit in support of the Grissmans' motion, the Estate contends that it reasonably relied on the court's statement that it would address the Grissmans' summary judgment motion, and allow the Estate an opportunity to conduct additional discovery and present evidence, after reaching a decision on the statute of limitations issue.

¶41    We conclude that, given the circuit court's discussion on the record at the hearing, it was reasonable for the Estate to rely on the court's statements and delay conducting any additional discovery while the parties awaited a decision on the statute of limitations issue. First, the court clearly expressed its intent to render a decision on the statute of limitations issue "*and then*" consider the Grissmans' motion, "and *at that point* [the Estate was] going to have to tell [the court] what evidence you think you can raise." At the conclusion of the hearing on the parties' motions, the Estate even attempted to highlight evidence that the Grissmans infrequently used the property, and the court, recognizing that the argument went to the merits of the case, explained that "we're not there yet. I'm not … even thinking about that."

¶42    Second, the circuit court acknowledged that it did not appear that it had entered a scheduling order setting the deadline for, among other things,

discovery to be completed. Thus, the Estate's failure to conduct discovery by this time did not violate any deadlines set by the court. Third, if the Estate's motion had been granted on the statute of limitations issue, the case would have been dismissed and the need for discovery would have ceased. Under these circumstances, it was not unreasonable for the Estate to rely on the court's comments at the hearing and to delay filing additional submissions in response to the Grissmans' motion for summary judgment.

¶43 Finally, the circuit court's failure to provide the Estate with due process prior to granting the Grissmans' summary judgment motion was not harmless error. Due process violations are subject to a harmless error analysis. *See Schoen v. Board of Fire & Police Comm'rs*, 2015 WI App 95, ¶24, 366 Wis. 2d 279, 873 N.W.2d 232. The Estate's argument is undeveloped on this point because it fails to explain what it would have done if it had been given notice that the court was going ahead with a decision on the Grissmans' summary judgment motion. However, we recognize that, as it argued in the circuit court, the Estate is not in a position to provide that information at this time because it does not know exactly what additional evidence it would have presented to contest the merits as it has not conducted discovery. And, given the court's statements, the Estate reasonably concluded that it would have the opportunity to conduct the necessary discovery if the court determined that the Grissmans' claim was not barred by the statute of limitations.

¶44 Therefore, based on the facts in this case, the Estate was not given notice and an opportunity to be heard as promised by the circuit court and was therefore denied due process. Accordingly, we reverse that portion of the circuit court's order granting summary judgment to the Grissmans and remand for further proceedings on the Grissmans' motion.

¶45    No costs awarded to either party.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded with directions.

Not recommended for publication in the official reports.